## COMMONWEALTH *vs.* JAMES CUSHING.

A vote of the selectmen of a town appointing a person " on police duty " is a sufficient appointment of him as a police officer, under the Gen. Sts. *c.* 18, § 38.

A police officer appointed by the selectmen of a town under the Gen. Sts. *c.* 18, § 38, need not be sworn to the faithful discharge of the duties of his office.

INDICTMENT for assault and battery of Eben B. Place, a police officer in the lawful execution of his office.

At the trial in the superior court, before *Ames,* C. J., the attorney for the Commonwealth stated that he should not contend

that there should be a conviction "unless the court should rule upon the facts which were not in dispute that Place was a properly appointed police officer of the town of Holyoke;" and introduced in evidence the book of records of the selectmen of that town, containing the following vote : " Voted that Eben B. Place be appointed on police duty, and that he be detailed with George Clark on duty at the hill until further notice;" and, in proof of the qualification of Place, was permitted to introduce, against the defendant's objection, the testimony of the chairman of the selectmen that he administered to Place an oath, which was admitted to be proper in form. The judge ruled "on the whole case, that the person named in the indictment was duly appointed and qualified as a police officer of Holyoke;" the jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. M. Stearns,* for the defendant. 1. Place was not properly appointed under the Gen. Sts. *c.* 18, § 38, for the selectmen could only exercise the power conferred by the statute according to its terms; *Commonwealth* v. *Higgins,* 4 Gray, 34; and he was not appointed in the language of the statute, nor substantially according to its terms. An appointment to a duty is not an appointment to an office, unless that duty pertains to one office and no other. Police duty pertains to many offices. An officer of the watch, appointed by selectmen under the Gen. Sts. *c.* 23, is appointed to police duties, but does not hold the office of police officer.

2. It was not competent to prove the qualification by parol. until it was first shown there was no record of it. *Pease* v. *Smith,* 24 Pick. 122. *Briggs* v. *Murdock,* 13 Pick. 305. *Bassett* \. *Marshall,* 9 Mass. 312.

*C. Allen,* Attorney General, for the Commonwealth.

CHAPMAN, C. J. The appointment of Place "on police duty" constituted him a police officer in conformity with the provisions of Gen. Sts. *c.* 18, § 38. It was not necessary that he should be sworn. Section 31 designates what officers are to be sworn. And see *Commonwealth* v. *Dugan,* 12 Met. 233.

*Exceptions overruled.*