### INHABITANTS OF SUDBURY *vs.* HORACE HEARD.

In defence to an action by a town for a tax assessed on the defendant by persons chosen, sworn and acting as the plaintiffs' assessors, it is not open to the defendant to impeach the validity of their election on the ground of an omission to use the check-list in the balloting.

CONTRACT to recover a tax assessed by persons acting as as-sessors of the plaintiff town on the defendant for the year 1866; submitted to the judgment of the full court on a statement of facts in which it was agreed that, if the fact was competent and material, the defendant could prove that, in electing these persons assessors by ballot at the annual town meeting of that year, the check-list was not used. The case is stated in the opinion.

*G. P. Sanger,* for the plaintiffs.

*G. A. Somerby,* for the defendant.

CHAPMAN, C. J. The tax in question was assessed by per-sons who appear to have acted under color of an election by the town, evidenced by its records of the proceedings at the annual meeting of the inhabitants, showing that these persons were chosen assessors · and they have taken an official oath as such assessors. They were therefore assessors *de facto.* The only defect relied upon to prove that they were not assessors *de jure* is, that the check-list required by our statutes was not used

in balloting for them. Gen. Sts. *c.* 7, § 9. St. 1862, *c.* 180. St. 1868, *c.* 262. But it is we.. settled that the validity of the acts of officers *de facto* cannot be called in question in suits or proceedings to which they are not parties. *Elliott* v. *Willis*, 1 Allen, 461, and cases there cited. *Fitchburg Railroad Co.* v. *Grand Junction Railroad & Depot Co.* Ib. 552.

<div align="right">

*Judgment for the plaintiffs.*