<em>Judgment reversed, and<br>new trial awarded.</em>

(Decided 24th June, 1885.)

---

JOHN J. KOONTZ *vs.* THE BURGESS AND COMMISSIONERS OF HANCOCK, and others.

*Officers de facto—Oath of office—Assessment of property for Taxation.*

The acts of officers *de facto* in regard to public matters, affecting the public interests, are to be regarded as valid and binding; as much so as if the same acts had been performed in the same manner by officers *de jure.*

Koontz *vs.* Burgess and Commissioners of Hancock, *et al.*

As taxes are levied for the support of the Government, the reasons of public policy on which the principle is founded, apply with even greater force in regard to the acts of officers whose duty it is to levy and collect such taxes.

Certain persons who were elected Burgess and Commissioners of the Town of H., qualified as such by taking the oath of office prescribed by the town charter, and entered upon the discharge of the duties of their office, but did not take the oath of allegiance required by section 6 of Article 1 of the Constitution of the State. On a bill to restrain said Burgess and Commissioners from enforcing the payment of taxes levied by them on the property of the complainant, it was HELD:

That admitting it was necessary for them to take the oath prescribed by the Constitution, to constitute them officers *de jure*, yet being officers *de facto*, their public and official acts as Burgess and Commissioners were valid and binding.

In authorizing the town authorities to assess and levy taxes, the charter was silent as to the mode and manner in which the assessment was to be made. HELD:

That there was nothing in the charter under which the said Burgess and Commissioners were elected, nor was there any principle of law, which forbade them from adopting the assessment made for State and county purposes as the basis for the levy to be made by them.

APPEAL from the Circuit Court for Washington County, in Equity.

The appeal in this case was taken from a decree dissolving the injunction previously granted, and dismissing the bill of the complainant. The case is stated in the opinion of this Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Edward Stake,* for the appellant.

*Henry Kyd Douglas,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is a bill to restrain the appellees from enforcing the payment of taxes levied by them on the property of the appellant. It is admitted, that the appellees were duly elected "the Burgess and Commissioners of Hancock,"—that they qualified as such by taking the oath of office prescribed by the charter, and entered upon the discharge of the duties of their office. But it is argued that the assessment of taxes made by them is invalid, because they have not taken the oath of allegiance required by Sec. 6, of Art. 1, of the Constitution of the State.

Now admitting for the purposes of this case, that it was necessary for them to take the oath prescribed by the Constitution, to constitute them officers *de jure*, it is conceded they entered upon and have continued to discharge the duties of their office; and no principle is better settled than that the acts of officers *de facto* in regard to public matters affecting the public interests, are to be regarded as valid and binding; as much so as if the same acts had been performed in the same manner by an officer *de jure*. *State vs. Carroll*, 38 *Conn. Rep.*, 449; *Cooley on Taxation*, 189.

It has been questioned whether this principle applies to the acts of officers entrusted with the assessment and levy of taxes, but as taxes are levied for the support of the government, the reasons of public policy on which the principle is founded, apply with even greater force in regard to the acts of officers whose duty it is to levy and collect such taxes. And such is the general current of decisions in this country. 1 *Dillon on Municipal Corp.*, 276; *Blackwell on Tax Titles, section* 98, and cases cited. Being officers *de facto*, the public and official acts of the appellees as Burgess and Commissioners of Hancock are valid and binding.

Then again it is argued, that no assessment was in fact made by the appellees. In authorizing the town authori-

Koontz *vs.* Burgess and Commissioners of Hancock, *et al.*

ties to assess and levy taxes, the charter is silent as to the mode and manner in which the assessment is to be made. Instead of appointing persons to assess the property of persons subject to taxation, the appellees adopted the assessment made for State and county purposes, making such changes as might be necessary arising from change of ownership, &c. It is not suggested that this assessment is *unfair, unequal, or in any manner oppressive.* Notice was given by the appellees of the assessment thus made and adopted by them, and an opportunity afforded to all persons to have the same corrected and readjusted should such be necessary. There is nothing in the charter under which the appellees were elected, nor is there any general principle of law which forbids them from adopting the assessment made for State and county purposes, as the basis of the levy to be made by them.

Entertaining these views, the decree of the Court dissolving the injunction and dismissing the bill, must be affirmed.

> *Decree affirmed, and*
> *bill dismissed.*

(Decided 24th June, 1885.)