JAMES SILVEY, PLAINTIFF, *v.* WILLIAM W. LINDSAY AND OTHERS, DEFENDANTS.

*Residence — when acquired by an inmate of the Soldiers and Sailors' Home at Bath.*

In 1880 the plaintiff, a discharged soldier, who was then a resident of the city of New York, was admitted as an inmate into the institution known as the "New York State Soldiers and Sailors' Home," located in the town of Bath. He was not a pensioner under the laws of the United States, and was supported at the home wholly at public expense. In becoming an inmate of the institution he intended to change his residence from the city of New York to the town of Bath, and to make his residence in said institution so long as he should be permitted to remain there as an inmate.

*Held,* that he acquired a residence in the town of Bath which authorized him to vote at an annual town meeting held in that town.

*Quære,* as to whether the Soldiers and Sailors' Home was an "asylum" within the meaning of that term, as used in section 3 of article 2 of the Constitution, which declares that "for the purpose of voting no person shall be deemed to have gained or lost a residence, by reason of his presence or absence * * * while a student of any seminary of learning, nor while kept at any alms-house or other asylum at public expense."

CASE submitted under an agreed state of facts, under section 1279 of the Code.

In 1886, the plaintiff was an inmate of the "New York State Soldiers and Sailors' Home," located in the town of Bath, in the county of Steuben, organized and maintained under the provisions of chapter 48 of the Laws of 1878. The defendants were justices of the peace of said town and presided at the annual town meeting held for that year. The plaintiff, claiming to be a resident of the

town, offered his vote to the town officers, which was rejected by the defendants, upon the sole ground that he was not a resident of the town. The case states that the defendants willfully and maliciously refused to receive the plaintiff's vote, with full knowledge of all the facts set forth in the case bearing upon the plaintiff's right to vote. It was stipulated that if it should be held by the court that the plaintiff was a qualified voter at that election then the plaintiff's damages were fifty dollars, for which sum he was entitled to judgment.

*Miller & Nichols*, for the plaintiff.

*J. F. Parkhurst*, for the defendants.

BARKER, J.:

The legal question submitted for our determination is stated in the case as follows: Did James Silvey gain a residence in the town of Bath, so as to entitle him to vote at a town meeting, by reason of his presence as an inmate of said institution?

The admitted facts upon which the plaintiff based his right to vote as a qualified elector of the town of Bath, are that he was a soldier in the service of the United States during the late rebellion and was entitled to admission as an inmate into the institution known as the "New York State Soldiers and Sailors' Home," located in the town of Bath, as provided in chapter 48 of the Laws of 1878, and the rules and regulations adopted by the board of trustees having the control of the said institution. At the time he became an inmate of the home, in the year 1880, he was a resident of the city of New York, where he was a qualified elector. Since he became an inmate of the asylum he has resided therein continuously, and during all that time voted at every State election and town meeting held in the town of Bath up to the time his vote was rejected by the defendants. It does not appear from the case that the plaintiff was ever married, or that he was at any time a householder, or engaged or interested in any business. He was not a pensioner under the laws of the United States, and was supported at the home wholly at public expense. As to his intention to change his place of residence from the city of New York to the town of Bath, the fact is stated in the case in these words: "In

becoming an inmate of said institution, said Silvey intended to change his residence from the city of New York to the fifth election district of the town of Bath, and to make his residence in said institution so long as he should be permitted to remain there as such inmate." At the polls, and upon oath, he stated to the defendants, as follows : " I reside in the town of Bath, for the reason that I was admitted an inmate of the New York Soldiers and Sailors' Home, in this town, by the authorities thereof, in the year 1830, and have remained such inmate from that time to the present, with the intention, at all times, of making my residence in said institution, so long as I shall be permitted to remain such inmate. At the time of my admission to said institution I was an honorably discharged soldier of the United States, and a resident and voter of the city of New York. I therefore answer that I am a resident of the town of Bath. Inbecoming an inmate of said institution, I intended to change my residence from the city of New York to the fifth election district of the town of Bath." It was stipulated that every statement of fact made by the plaintiff, as contained in his evidence, was true.

It thus appears that the plaintiff, on entering the institution, abandoned his residence in the city of New York, and intended to make the town of Bath his future residence, permanently or for an indefinite period of time. He thus became a resident of the latter place, and a qualified elector therein, unless by reason of some positive law, constitutional or statutory, he was disqualified from becoming a resident of that town, by reason of being an inmate in that institution, maintained at public expense. He voluntarily, for the purpose of securing to himself more of the comforts of life, accepted the benefactions gratuitously offered by the State to discharged soldiers in need of a home, in consequence of physical disability or other cause. Thereafter that institution was his house, his home, his fireside, his bed, his board. He had no family with which to reside or support, and had no business relations elsewhere. Nothing remained with which he was connected in the least degree in the city of New York indicating that he remained a resident there.

The qualification of voters at all general elections held in the State are defined by the Constitution, as follows : " Every male

citizen of the age of twenty-one years, who shall have been a citizen for ten days and an inhabitant of this State one year next preceding an election, and for the last four months a resident of the county, and for the last thirty days a resident of the election district in which he may offer his vote, shall be entitled to vote at such election in the election district of which he shall at the time be a resident, and not elsewhere." (Article 2, § 1.) To become a legal voter at the town meeting, the same qualifications are required, and none other. (R. S. [7th ed.], 808, § 1.)

The only restraint or regulation placed upon a citizen in changing his place of residence from one place to another, within the State, is contained in article 2, section 3 of the Constitution, which declares : " For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his ‑presence or absence, while employed in the service of the United States ; nor while engaged in the navigation of the waters of this State, or of the United States, or of the high seas ; nor while a student of any seminary of learning ; nor while kept at any alms-house, or other asylum, at public expense ; nor while confined in any public prison."

The defendants contend that while the plaintiff was an inmate of the Soldiers and Sailors' Home, and supported at public expense, he was prohibited from acquiring and could not gain a residence in the town of Bath. It may be conceded, in disposing of this case, that this institution is an asylum of the class and character of those referred to in this paragraph of the Constitution. But we do not hold that it is, and many reasons may be given why it should not be so considered.

A student in college, a soldier in the United States service and a voluntary inmate of a charitable institution, the recipient of a public gratuity, may change his place of residence like any other citizen, by doing those things which the laws requires of all persons who intend to change their residence from one place to another within the State. The clause of the Constitution quoted contains no prohibitory provisions.

It simply declares that for the purpose of voting no person shall be deemed to have gained a residence by reason of his presence in a particular place, while a student of any seminary of learning or in

the other cases mentioned therein. But a person who is a student in a college may change his residence from place to place while in attendance upon the college just the same as any other citizen. These views have been maintained and expressed by the law department of the State relative to the status of the inmates of this institution and their qualifications as voters in the town of Bath.

The defendants also contend that as the plaintiff only intended to reside in the town of Bath so long as he should remain an inmate in the soldier's home, he could not gain a residence by the rules of the common law. As he intended to abandon his former place of residence he could acquire one in the town of Bath if his purpose was to remain there for a period of time, although indefinite as to its duration. He was a citizen of the State, under no disqualifications prohibiting him from becoming a resident of any place which he might determine upon. It was not necessary that he should have had the fixed purpose of residing permanently in the town of Bath. A citizen of the State must, of necessity, have at all times a place of residence therein. It may be for a long or short period of time in any particular place. For the purpose of securing the right to vote in any particular town his residence therein must be for the length of time required by the election law. But he becomes a resident of the place the instant he arrives within the limits of a town with the intention of making it his future home and residence permanently or for an indefinite length of time. A place of residence in the common law acceptation of the term means a fixed and permanent abode and dwelling place for the time being as contradistinguished from mere temporal local residence. The fact is admitted that the plaintiff had determined to remain in the town of Bath for an indefinite time. By the American authorities a residence may be acquired in a particular place where it is the intention of the person to remain therein for an indefinite period of time. It is not necessary that he should have the purpose to remain there permanently, that is to say, never to remove therefrom. There must be both the fact of the abode and the intention of remaining indefinitely to constitute a domicile or a residence. (*Hegeman* v. *Fox*, 31 Barb., 475; *In the Matter of Wrigley*, 8 Wend., 141; *Chaine* v. *Wilson*, 1 Bos., 673; *Dupuy* v. *Wurtz*, 53 N. Y., 556.)

In Massachusetts the courts have repeatedly held that where there

is an intention on the part of a citizen of that State to abandon his then present place of residence, and then remove to another town with an intention to remain there for an indefinite length of time, he becomes a resident of the latter place. (*Commonwealth* v. *Cushing*, 99 Mass., 592; *Whitney* v. *Sherborn*, 12 Allen, 111; *Mead* v. *Roxborough*, 11 Cush., 362; *Carnoe* v. *Freetown*, 9 Gray, 357; *Harvard College* v. *Gore*, 5 Pick., 379.) Webster defines a resident to be one who resides or dwells in a place for some time, and a residence as being the place where one resides; an abode; a dwelling; a habitation.

It is clear to my mind that the plaintiff was, within the sense and meaning of the election laws, a resident of the town of Bath. He had no residence elsewhere. It is not to be supposed that the legislature intended to deprive the inmates of that institution of any of the privileges of citizenship. A person may be an inmate of that institution and maintain his residence elsewhere, and I suppose there are many such instances. A person may become an inmate of this institution with an expectation on his part to remain, as long as his wants and means require, and have a family and a residence elsewhere.

The plaintiff is entitled to a judgment for fifty dollars damages, with costs, as agreed upon in the case submitted.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment ordered for the plaintiff for fifty dollars damages, with costs.