ALEXANDER MORLEY, JR., vs. BENJAMIN F. CHASE.

Suffolk.　Nov. 15, 1886. — Jan. 10, 1887.　HOLMES & GARDNER, JJ.,
absent.

In an action for an assault and false imprisonment, there was evidence that the
stock of goods in the defendant's shop had been attached in the defendant's
absence, and the plaintiff had been put in as keeper; that, on the defendant's
return, he was informed that the plaintiff had taken money from the money-
drawer; that he accused the plaintiff of it, who said nothing; and that he
thereupon arrested the plaintiff, without a warrant.　The judge instructed the
jury, that, the plaintiff being rightfully in the shop, the defendant had no right,
without a warrant, to arrest him, although he had reasonable cause to believe
that the plaintiff had committed a felony therein, unless the plaintiff, by an im-
proper omission to disclose his business in the shop, contributed to induce such
belief.　The judge also refused to rule that, if the defendant was notified in the
hearing of the plaintiff that the plaintiff had taken the money, and the plaintiff
neglected to make any explanation, such neglect may have justified the arrest.
*Held*, that the defendant had no ground of exception.

TORT, for an assault and false imprisonment.　Trial in the
Superior Court, before *Thompson*, J., who allowed a bill of ex-
ceptions, in substance as follows :

It appeared that, on May 27, 1884, at about half-past one
o'clock, P. M., a constable duly attached, on civil process, certain
personal property of the defendant in the defendant's bake-shop,
and duly deputed the plaintiff as keeper thereof in said shop.

The defendant's daughter, sixteen years of age, was attending
said shop at the time, and in half an hour another older girl
employed in said shop came in and remained there.

The evidence was conflicting as to whether the girls, or either
of them, were informed or knew that an attachment had been
made, or as to the authority, object, or purpose of the constable
or keeper, the girls denying having had any such information
or knowledge, and the constable and the plaintiff testifying that
they duly and fully informed said girls of the attachment, and
showed to them the paper deputing him as keeper.

It further appeared that at about half-past four o'clock, P. M.,
the defendant came into his shop and found there the plaintiff
and said girls.

The defendant offered evidence tending to prove that he then
had no knowledge or information as to the attachment or the

authority of the plaintiff; that immediately upon his coming into his shop, his daughter said to him, "This man has taken money from the drawer, and has pushed me;" that thereupon the defendant told the plaintiff to restore the money; that the plaintiff made no reply; that then the defendant seized the plaintiff, pushed him against the partition and held him there some minutes until a policeman came in and took the plaintiff away from the shop; that the plaintiff made no statement, and gave no information as to the attachment, or his authority; and that the defendant neither knew nor suspected either.

The plaintiff offered evidence tending to prove that, immediately upon the defendant entering the shop, the plaintiff fully informed him of the attachment, and of his authority as keeper; and that the defendant fully understood both, before making the assault complained of. He also described the assault as very violent and unreasonable.

The judge instructed the jury that the plaintiff, being rightfully in said shop, and his doings there being legal, the defendant, not being an officer, had no right to arrest or lay violent hands on him, even though the defendant had reasonable cause to believe that the plaintiff had committed a felony; unless, by some fault or improper omission on the plaintiff's part, the plaintiff contributed to induce such belief; that the defendant, if he was led to believe that the plaintiff had wrongfully taken money from his drawer by the conduct of the plaintiff and his failure to notify the defendant of his business in his shop, would be justified in forcibly restraining the plaintiff, and endeavoring to obtain the money which he believed had been wrongfully taken from the drawer, although in fact no money had been wrongfully taken therefrom; and that, in determining whether or not the defendant believed that the plaintiff had wrongfully taken money from the drawer, the jury were to take into consideration all the circumstances bearing upon the conduct of both the plaintiff and the defendant upon that occasion.

At the close of the charge, the defendant requested the judge further to instruct the jury that if the girl notified her father, as above stated, in the hearing of the plaintiff, and the plaintiff, with the opportunity so to do, neglected to explain to the

defendant, such neglect may have justified the defendant in arresting him. The judge refused so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. S. Stearns & J. H. Butler*, for the defendant.

*P. B. Kiernan*, for the plaintiff.

FIELD, J. In *Rohan* v. *Sawin*, 5 Cush. 281, 285, it is said, in reference to felonies: "As to the right appertaining to private individuals to arrest without a warrant, it is a much more restricted authority, and is confined to cases of the actual guilt of the party arrested; and the arrest can only be justified by proving such guilt." See also *Commonwealth* v. *Carey*, 12 Cush. 246, 251.

The rule by some other courts has been stated to be, that a private person can only justify for an arrest without a warrant, on suspicion of felony, by proving that a felony has actually been committed, and that he has probable cause for believing that the person arrested was the person who committed it. *Allen* v. *Wright*, 8 C. & P. 522. *Reuck* v. *McGregor*, 3 Vroom, 70. *Brockway* v. *Crawford*, 3 Jones (N. C.) 433. *Holley* v. *Mix*, 3 Wend. 350. *Teagarden* v. *Graham*, 31 Ind. 422.

Under either view of the law, the instructions given were sufficiently favorable to the defendant. If no felony had been committed, it is difficult to see what defence the defendant had. The request was for a ruling upon the effect of specific testimony when there was other evidence relevant to the same point, and the instructions given covered the whole subject; and the request omits the important qualification, that the defendant must have believed, from what his daughter told him, that the plaintiff had wrongfully taken money from the drawer. It was rightly refused.                    *Exceptions overruled.*