## COMMONWEALTH *vs.* PATRICK SULLIVAN & others.

Middlesex.   November 12, 1895. — January 6, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Town — Validity of Meeting — Election and Swearing in of Constable
— Warrant — Appointment of Police Officer.*

The by-laws of a town required notice of the town meeting to be posted, among other places, "at the town hall." The town hall had been burned down before the time when a town meeting was called, and the copy of the warrant was ordered to be posted at another hall where that meeting was to be held. The return showed a service of the warrant "as within directed." *Held*, that this was a sufficient compliance with the by-law, so far as the validity of the meeting was concerned.

Where the validity of the election of a constable is brought in question collaterally, it is enough to show an election at a valid meeting presided over by a *de facto* moderator.

The eleventh article of the warrant for a town meeting was to choose one or more constables for one year, and the record of the meeting read: "Art. 11. A. had 53 votes; B. had 77; C. had 291; D. had 259." A bracket connected the lines on which were the last two names, and then followed the words, "Declared elected, and sworn." *Held*, that this sufficiently indicated that C. at least was sworn.

In the record of a town meeting the words, "A true copy, Attest, C., Constable," followed the warrant to warn the meeting and preceded the return, and the record proceeded as follows: "At a legal meeting held . . . under the foregoing warrant." *Held*, that this imported that the original warrant was in the form set forth.

If the vote of selectmen of a town, appointing a special police officer, under the authority conferred by St. 1893, c. 423, § 7, makes no limitation or selection of powers, but is an appointment in general terms, it must be taken to give all the powers mentioned in the statute.

INDICTMENT, against Patrick Sullivan, Patrick J. Foley, and Cornelius Nagle, for the murder of Duroy S. Foster, on September 11, 1894, at Billerica. At the trial in the Superior Court, before *Sherman* and *Lilley*, JJ., the jury returned a verdict of murder in the second degree; and the defendants alleged exceptions, which appear in the opinion.

*S. K. Hamilton & F. P. Curran*, for the defendants.

*H. M. Knowlton*, Attorney General, & *J. M. Hallowell*, Second Assistant Attorney General, for the Commonwealth.

HOLMES, J. The defendants have been found guilty of murder in the second degree. The killing took place in resisting an attempt to arrest them on a charge of robbery made by the deceased. The attempt to arrest was made by one Livingstone, and as it did not appear at the trial that he had a warrant, or that a felony had been committed in fact, it became material to show that he was a constable or police officer. *Rohan* v. *Sawin*, 5 Cush. 281, 285. *Commonwealth* v. *Carey*, 12 Cush. 246, 251. *Morley* v. *Chase*, 143 Mass. 396, 398. The only questions before us concern the competency and sufficiency of the evidence on this point. The evidence offered was the record of the town meeting at which Livingstone was elected constable, and the testimony of a selectman, the clerk of the board, who produced their records showing the appointment of Livingstone as a special police officer, coupled with Livingstone's testimony on the same point. Several objections are taken.

First, it is said that the town meeting was not warned in due form. The by-laws of the town of Billerica require notice of the town meeting to be posted, among other places, " at the town hall." See St. 1893, c. 417, § 260. The town hall had been burned down before the time in question, and therefore the copy of the warrant was ordered to be posted at another hall where that town meeting was to be held. The return showed a service of the warrant " as within directed." We are of opinion that this is a sufficient compliance with the by-law, so far as the validity of the meeting was concerned.

Next, it is objected that it does not appear that the moderator was elected by ballot, or that a voting list was used at his election. St. 1893, c. 417, §§ 273, 275. The language of the record is: " Art. 1st. Frederick S. Clark was chosen modera-

tor." The vote on the second article begins, " Voted, The town officers who are required by law to be chosen by ballot shall be chosen on one ballot," etc. This shows that the meeting had the law in mind, and we are disposed to think that the record is " sufficient *prima facie* proof of a choice in a legal manner." *Tobey* v. *Wareham*, 2 Allen, 594, 595. *Attorney General* v. *Crocker*, 138 Mass. 214, 215, 216. But, further, the town has taken no action to undo its former votes, as it did in *Attorney General* v. *Simonds*, 111 Mass. 256, and where the validity of the election of an officer is brought in question in this collateral way, an election at a valid meeting presided over by a *de facto* moderator is enough. *Attorney General* v. *Crocker*, 138 Mass. 214, 216 *et seq.* *Sudbury* v. *Heard*, 103 Mass. 543. *Elliott* v. *Willis*, 1 Allen, 461.

It is said that the record does not show that Livingstone was duly sworn as a constable, as required by St. 1893, c. 417, §§ 278, 266. The eleventh article of the warrant was to choose one or more constables for one year, and the record of the meeting reads, " Art. 11. Warren Holden had 53 votes; J. A. Smith had 77; E. W. Livingstone had 291; M. Conway, Jr. had 259." A bracket connected the lines on which were the last two names, and then followed the words: " Declared elected, and sworn." This sufficiently indicated that Livingstone at least was sworn. *Tobey* v. *Wareham*, 2 Allen, 594, 595. See generally *Briggs* v. *Murdock*, 13 Pick. 305.

In the record the words " A true copy, Attest, Everett W. Livingstone, Constable," follow the warrant to warn the meeting and precede the return. It is objected that this is a copy of a copy, instead of a copy of the original. But the record goes on, " At a legal meeting held . . . under the foregoing warrant." This imports that the original warrant was in the form set forth. There is nothing in the earlier words inconsistent with the original having been before the eyes of the clerk.

As it appears that Livingstone was a constable, it is immaterial whether he was also a police officer or not. The objections urged are, first, that the selectmen who appointed him were not chosen legally for the reasons already disposed of, and, secondly, that it does not appear that as a special police officer he had

a right to make the arrest. It appears that Livingstone was appointed and sworn in and received a paper from the selectmen with reference to being a police officer, which could not be found. The appointment was as special police officer in general terms. It was made under St. 1893, c. 423, § 7, empowering selectmen to appoint police officers " with any or all of the powers of constables, except the power of serving and executing civil process." As the vote makes no limitation or selection of powers, it must be taken to give all the powers mentioned in the statute. It can have no other meaning. See *Commonwealth* v. *Martin*, 98 Mass. 4; *Commonwealth* v. *Cushing*, 99 Mass. 592; *Commonwealth* v. *Sawyer*, 142 Mass. 530.

It is unnecessary to consider whether there are other answers to the defendants' exceptions. *Commonwealth* v. *Kane*, 108 Mass. 423, 425.                                   *Exceptions overruled.*