## JOHN T. ROSELL AND ROBERT G. LOVE v. THE BOARD OF EDUCATION OF NEPTUNE CITY ET AL.

Submitted July 7, 1902—Decided November 10, 1902.

1. The failure of an officer to take the prescribed oath of office will not prevent his becoming an officer *de facto*.
2. The supplement to the School law, passed March 22d, 1895, is constitutional, at least to this extent, that it modifies the prior law so as to prevent a newly-formed city, borough or incorporated town from becoming a separate school district, unless it contains four hundred children of school age.
3. The borough of Avon-by-the-Sea being, at its formation, in 1900, a part of the school district of Neptune City and not situate in any township, did not, by force of said supplement of 1895, become part of any township school. district, but remained in the school district of Neptune City.

On *certiorari*.

Before Justices Dixon, Hendrickson and Pitney.

· For the prosecutors, *Aaron E. Johnston* and *Acton C. Hartshorne.*

For the defendants, *Ruliff V. Lawrence.*

The opinion of the court was delivered by

Dixon, J.   In this case the prosecutors question the validity of a tax levied against them by the assessor of the borough of Avon-by-the-Sea, in the year 1901, for interest on school bonds issued by the school district of Neptune City.

The first and second reasons assigned for reversal of the tax turn upon the allegation that the members of the board of education, who authorized the special meeting of the voters of the district at which the issue of the bonds was ordered, had failed to take the prescribed oath of office.

But, if there was fault in this particular, nevertheless these persons were officers _de facto,_ and their proceedings, so far as they affect the public and third parties, are as valid as though they were officers _de jure._ The case cited to the contrary (_Manahan_ v. _Watts, 35 Vroom_ 465) was a direct attack upon the right of the claimant himself. This reason has no force.

The next reason is that the school district of Neptune City did not embrace the borough of Avon-by-the-Sea, and hence the voters of that district had no power to tax the property of the prosecutors located in that borough.

The legal situation is certainly not clear, and the result which we reach is by no means indubitable. The stipulation of the parties assumes the lawful existence of the borough of Neptune City, and of a school district embracing the same territory up to March 23d, 1900, when the borough of Avon-by-the-Sea was formed out of that territory. _Pamph. L., p._ 310.

The brief of counsel for the prosecutors also concedes, or rather affirms, that the borough of Neptune City was incorporated or re-incorporated under the provisions of section 96 of the Borough act of April 24th, 1897 (_Pamph. L., p._ 285), and hence is governed by that law. There can be no doubt that the municipal government thus established wholly supplanted the township government, if any previously existed therein, and at least from that time the territory embraced in the borough of Neptune City did not form part of any township.

On these premises we are to determine whether the territory, which in 1900 became the borough of Avon-by-the-Sea, was thereby taken out of the school district of Neptune City.

If the supplement to the School law, passed May 25th, 1894 (_Gen. Stat., p._ 3055), had been then in full force, the new

borough would have become at once a separate school district. But that supplement was modified by a later supplement, passed March 22d, 1895 (*Gen. Stat., p.* 3067), under which a new borough would not become a separate school district unless it contained four hundred children between the ages of five and eighteen years, and this borough had not so many.

This act of 1895 further declared that "each city, borough and incorporated town   *   *   *   which contains less than four hundred children between the ages of five and eighteen years, shall be a part of the township school district in which said city, borough or incorporated town is situate." The prosecutors insist that by force of this enactment the borough of Avon-by-the-Sea became, at its creation, part of the school district of the township of Neptune, which at one time had included the territory of the borough.

But we think the fair import of this provision is that a new borough will be part of the township school district only when, at the time of the formation of the borough, its territory lies within the boundaries of a township. If the new municipality was formed out of a township and was not capable of becoming a school district by itself, it is entirely reasonable that its school government should remain in the township district to which it previously belonged. But if the territory of the new municipality lay outside of any township, so that it did not form part of a township school district, it would be difficult to find a reason for transferring the municipality from the school district in which it belonged to a township school district from which it had been separated at some indefinite previous time. Although the legislature has not declared in terms that a borough formed out of a borough should remain part of the old borough school district, when it is not populous enough to become a separate school district, yet the reason and spirit of the law point to that result as the most probable legislative intent.

Counsel for the prosecutors further urge that this supplement of 1895 is unconstitutional; but his grounds for this contention do not touch the force of the supplement as a modification of the prior law to this extent, that a new city,

borough or incorporated town will not become a separate school district unless it contains four hundred children of the prescribed age. This modification of the prior law is as distinct from all other provisions of the supplement of 1895 as is the prior law itself, and hence is not involved in any charge of unconstitutionality made against the other provisions.

Our conclusion is that there is no statute separating the borough of Avon-by-the-Sea from the school district of Neptune City, and therefore the property and inhabitants of that borough remained liable to their due proportion of taxes levied in that district for school purposes, in accordance with section 47 of the Borough act of April 24th, 1897.

The taxes under review are affirmed, with costs.