Submitted on briefs August 17, decided October 1, 1912,
rehearing denied February 25, 1913.

## TYREE v. CRYSTAL DIST. IMPROVEMENT CO.

(126 Pac. 605.)

**Corporations—De Facto Corporations—Collateral Attack.**

1. The validity of a district improvement corporation cannot
be questioned in a suit to restrain the issuance of bonds by it,
since the existence of a de facto corporation, organized to carry
on business as such, cannot be collaterally attacked by a private
person.

**Appeal and Error—Moot Questions.**

2. The Supreme Court will not determine mere academic
questions for the general information of the public, but will only
decide the case presented by the record.

From Malheur:  DALTON BIGGS, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Hiram Tyree against the Crystal District Improvement Company, a corporation.

The complaint alleges "that defendant, Crystal District Improvement Company, is a pretended corporation attempted to be organized and formed under and pursuant to Chapter 172 of the Laws of Oregon for 1911, being 'An act to enable the landowners to incorporate themselves for the purpose of irrigation and drainage, defining their corporate powers, regulating the manner of issuing bonds, making the debts of said corporation a lien on the land of said owners and fixing the organization and annual license fees of such corporation'." After reciting the issuance of a certificate of incorporation by the Secretary of State and the recording of the notice by the stockholders, specifying the lands described in the articles of incorporation, stating that the lands would be irrigated by the defendant company, the complaint alleges that after the formation of the company the plaintiff acquired by purchase certain lands included

within the district by the promoting owners. It is further stated that on January 11, 1912, the defendant's board of directors ordered the issuance of bonds of the corporation in the sum of $55,000, to be sold and disposed of, and the proceeds thereof applied in the building and construction of an irrigation system for the lands included in said district. Averring that, unless restrained by the court, the officers of the company will issue the bonds, and that the same will create a pretended lien and cloud upon the title of plaintiff's land, to his great, irreparable damage, the complaint concludes with the allegation that the plaintiff has no plain, speedy, or adequate remedy at law, and demands an injunction preventing the issuance of the bonds.

The answer denies that the negotiation of the bonds will create a lien or cloud upon the title of plaintiff's land, and denies that he has no plain, speedy, or adequate remedy at law, but otherwise admits all the allegations of the complaint. Affirmatively the answer traces in great detail the history of the organization of the defendant and its action leading up to the order directing the issuance of the bonds in question. All the papers and records of the corporation in any way relating to the matter in question are made exhibits and attached to the answer.

The circuit court overruled a demurrer to this new matter in the answer, and, the plaintiff declining to plead further, a decree was entered, declaring that the issuance of the bonds was in all respects regular and constituted a valid and subsisting lien against the lands of the plaintiff; that the defendant had in all things affecting its organization and the issuance of bonds complied with the law, and dismissed the complaint. From this decree the plaintiff has appealed, and the cause has been submitted to this court on the briefs, without oral argument.

AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court. 56 Or. 622 (117 Pac. XI).

For appellant there was a brief over the names of *Messrs. Brooke & Tomlinson.*

For respondent there was a brief over the name of *Mr. Ed. R. Coulter.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. As avowed in the briefs, this suit is for the purpose of testing the validity of the defendant corporation. That this object cannot be accomplished by a suit for injunction restraining the issuance of bonds is settled by the case of *Bennett Trust Co.* v. *Sengstacken,* 58 Or. 333 (113 Pac. 863). In that case the plaintiff sought by injunction to prevent the issuance of bonds by the Port of Coos Bay. The ground upon which the suit was based was, as alleged, the supposed invalidity of the election by which the port was inaugurated. This court there held that injunction would not lie to determine that question. The principle was again established in the case of *Splonskofsky* v. *Minto,* lately decided by this court and reported in 62 Or. 560 (126 Pac. 15). In that case plaintiff tried to restrain the sheriff from collecting taxes which had been levied by a high school district. This basis of the complaint was that there were some supposed defects in the organization of the district; but the court held that, unless challenged by direct proceedings, the acts of a *de facto* corporation cannot be attacked collaterally by injunction. *Trumbo* v. *People,* 75 Ill. 561; *Munson* v. *Minor,* 22 Ill. 594; *Samuels* v. *Drainage Commissioners,* 125 Ill. 536 (17 N. E. 829) ; *People* v. *Knopf,* 183 Ill. 410 (56 N. E. 155) ; *Rosell* v. *Board of Education,* 68 N. J. Law, 498 (53 Atl. 398) ; *State* v. *Collector,* 39 N. J. Law, 79; *Sudbury* v. *Heard,* 103 Mass. 543; *Koontz* v. *Hancock,* 64 Md. 134 (20 Atl. 1039). The governing

principle is that, as long as the State permits a *de facto* corporation to carry on business as such an institution, its validity cannot be assailed in a collateral proceeding instituted by a private person.

2. We are urged by the briefs of counsel to thoroughly exhaust the subject of the kind of corporation mentioned in the act noted above; but we cannot depart from the principles already laid down in the cases cited, nor undertake to determine mere academic questions for the general information of the public. It is enough to decide the case before us on the record.

The judgment of the circuit court dismissing the suit will be affirmed without further endeavor to determine the. regularity of the proceedings described in the record.

AFFIRMED.