Argued October 16; affirmed December 10, 1946

STATE, ON INFORMATION OF FLAXEL, PROSECUTING
ATTORNEY, *v.* CHANDLER ET AL.

(175 P. (2d) 448)

*J. B. Bedingfield,* of Coos Bay (Bedingfield & Grant, of Coos Bay, on brief), for appellants.

*Joseph McKeown,* of Coos Bay (with Ben C. Flaxel, of North Bend, on brief), for respondent.

Before BELT, Chief Justice, and KELLY, BAILEY, LUSK, BRAND and HAY, Justices.

BAILEY, J. This is a *quo warranto* proceeding which assails the validity of Coos Bay Water District and the right of the commissioners thereof, defendants herein, to hold and exercise the functions and powers incident to their offices. There is no dispute in the facts. Plaintiff's general demurrer to the defendants' answer was sustained and upon the failure of defendants to plead further, judgment in favor of the plaintiff was entered. The defendants have appealed.

The district under attack purports to include the whole of the incorporated cities of Coos Bay and North Bend, Oregon, and a tract of land lying between and adjacent to these cities. The organization of the district was instituted in September, 1944. No question of the sufficiency of notice of election or of any other proceeding, by which the district was formed and its commissioners elected, is presented here. The electors

of both cities voted in favor of the formation of the district and those in the unincorporated area voted against it. At the same election commissioners were chosen, and at the time of the institution of this action they were holding meetings and attempting to exercise the duties pertaining to their offices.

Each city, by its charter, is authorized and empowered to own and operate a water distribution system for the purpose of supplying water to its inhabitants. Neither of them, however, has ever exercised that power. At the present time water is being furnished to both cities by a public utility company, but its service is inadequate.

Only one question is presented for determination, to wit: May a water district organized under the provisions of chapter 346, General Laws of Oregon, 1917, as amended (codified prior to the 1943 amendments as §§ 116-1001 to 116-1017, inc., O. C. L. A.) include incorporated cities or towns?

The title of that chapter is as follows: "An act to authorize communities to incorporate as municipal corporations for the purpose of supplying their inhabitants with water for domestic purposes; to issue, sell and dispose of bonds and other securities; to levy taxes and have the right of eminent domain for such purposes."

Section 116-1001, O. C. L. A., as amended in 1943, (§ 1, chap. 412, Oregon Laws 1943) reads in part as follows:

"Communities may be incorporated as municipal corporations for the purpose of supplying their inhabitants with water for domestic purposes as hereinafter provided and, in connection therewith, may supply, furnish and sell for any use whatso-

ever any surplus water over and above the domestic needs of its inhabitants to any persons, corporations or associations, either within or without the district or to other communities, water districts or municipal corporations; * * *''

Sections 116-1002 to 116-1008, inc., O. C. L. A., provide the procedure to be followed in the formation of water districts and in the election of commissioners. Section 116-1009 is in part as follows:

"From and after the date of the proclamation made by the county court, as provided in § 116-1006, that part of said county embraced within the boundaries described in the said proclamation shall be a separate public corporation for the purpose of supplying its inhabitants with water for domestic purposes to be known by the name specified in the said proclamation, and as such shall have perpetual succession, and by the said name shall exercise and carry out the corporate powers and objects hereinafter conferred * * *.''

Section 116-1010, O. C. L. A., provides as follows:

"Such corporation shall have and exercise within and without its boundaries the same rights and powers of eminent domain and of purchasing, selling, condemning and appropriating real property, water, water rights and riparian rights, which cities and towns or other corporations have, to be exercised in any manner now or hereafter authorized; such corporations shall also have the right to purchase or obtain from other cities or towns or other like corporations, water or water rights, or an interest in water or water rights, or an interest in a water pipe line owned or operated by any such city or town, or other like corporation, or to obtain jointly with any such city or town or like corporation, any right, or to lay and own individually or jointly with any city or town or other like corpora-

tions, any water pipe line for the purposes specified in this act."

Section 116-1011, as amended by chapter 255, Oregon Laws 1943, relates to the issuance of bonds and the incurring of indebtedness. Section 116-1012 provides for the assessment and levy of taxes. Section 116-1013, as amended by § 2, chapter 412, Oregon Laws 1943, provides that the corporation "shall charge consumers for the water furnished and fix and collect the rates therefor", and further provides that any contract entered into by the corporation "with individuals, corporations or associations other than domestic users, shall provide for immediate cancellation whenever no surplus supply of water exists over and above any and all demands of domestic users."

By the provisions of §§ 116-1014 and 116-1015, the powers and duties of the commissioners are prescribed. The method of filling a vacancy in the office of commissioner is covered by § 116-1016.

Section 116-1017 is as follows: "The boundary lines of any municipal corporation created under the provisions of this act, shall include only such territory as may in reason be served by the water supply or system thereof."

Prior to 1927 no provision had been made for the annexation of additional territory to water districts formed in pursuance of chapter 346, *supra*. In that year chapter 385, General Laws of Oregon, 1927, (§ 116-1018, O. C. L. A.) was enacted which provides for the annexation of territory contiguous to an existing water district. We quote from § 116-1018, as follows: "Any territory contiguous to an existing water district, incorporated for the purpose of supplying its inhabitants

with water for domestic purposes *and not within the boundaries of a water district incorporated for the purpose of supplying its inhabitants with water for domestic purposes, or cities or towns,* may be included in and incorporated with such water district * * *." (Italics supplied). The procedure to be followed is then set out.

By chapter 164, Oregon Laws 1931, (§ 116-1019, O. C. L. A.) any community incorporated for the purpose of supplying its inhabitants with water for domestic purposes is granted "the right to install hydrants for fire protection along its mains".

It is sought, by the attempted formation of this water district, to superimpose upon the cities of Coos Bay and North Bend another municipal corporation which, if legal, would exercise within the corporate limits of those cities some of the functions and powers granted to them. If it should be held that incorporated cities might be included within the boundaries of a water district organized under chapter 346, *supra,* it would be possible, and in many instances even probable, to include an incorporated city or cities within such a district when a majority of the electors of such city or cities had voted against the formation of the district. It is the majority vote cast in the entire district, and not in any part thereof, which determines whether it shall or shall not be incorporated. § 116-1006, *supra.*

Article XI, § 2, Oregon Constitution, grants to the legal voters of every city and town power to enact and amend their municipal charter "subject to the constitution and criminal laws of the state of Oregon," and by article IV, § 1a, Oregon Constitution, the initiative and referendum powers are "reserved to the legal voters of every municipality and district, as to all local,

special and municipal legislation, of every character, in or for their respective municipalities and districts." It was pursuant to the powers thus reserved to and conferred upon them that the legal voters of the city of North Bend, in 1908, and those of the city of Coos Bay, in 1944, enacted their charters.

■ One of the generally recognized functions of an incorporated city is to supply water to is inhabitants, either directly by owning and operating its own system, or indirectly by granting a franchise to a public utility company. By its charter, each of the cities here involved is granted the power to adopt either method.

■■ It is well settled in this state that a general law enacted by the legislature and applicable alike to all cities "is paramount and supreme over any conflicting charter provision or ordinance of any municipality, city or town." *Burton v. Gibbons,* 148 Or. 370, 36 P. (2d) 786, and authorities therein cited. If the defendants are correct in their contention that the statute under consideration applies to incorporated cities, then the power and authority of the cities of Coos Bay and North Bend to provide water for their inhabitants are greatly impaired, if not entirely abrogated. Irrespective of the constitutional provisions hereinbefore referred to, it is a principle of law "that two lawfully and fully organized public or municipal corporations cannot have jurisdiction and control at one time of the same population and territory and exercise like or similar powers in the same boundaries." 1 McQuillin, Municipal Corporations, Revised Second Edition, § 283, p. 775. See also in this connection *Priest v. James,* 125 Or. 72, 265 P. 1092; *State ex rel. v. Goff,* 110 Or. 349, 218 P. 556, 221 P. 1057; *Rathfone v. Payette-Oregon Slope Irr. Dist.,* 76 Or. 606, 149 P. 1044.

At the time of the enactment of chapter 346, *supra,* there existed in this state numerous small unincorporated communities, many of which were located near the city of Portland. These communities were in many instances dependent upon the nearby city for their water supply. This arrangement often proved unsatisfactory.

After the enactment of chapter 346, *supra,* some of these communities were incorporated under the provisions of that act. Cases decided by this court relating to the incorporation of communities thereunder are as follows: *Smith v. Hurlburt,* 108 Or. 690, 217 P. 1093; *Hamilton v. Rudeen,* 112 Or. 268, 224 P. 92; *In re Rockaway Water District,* 153 Or. 382, 55 P. (2d) 1107. However, none of the water districts involved in those cases included territory within an incorporated city, and therefore the proposition before us was not considered.

■ Defendants state in their brief that § 116-1010, which has been hereinbefore quoted, "is an express declaration of legislative intent to authorize water districts to take over and use and operate all or any part of a water system within a city or town." We do not so construe that section. It confers upon water districts the power of eminent domain and the right to purchase and sell real property, water, water rights, etc. It grants to such districts the right to purchase or obtain from cities or towns water or water rights, "or an interest in a water pipe line owned or operated by any such city or town" and to obtain "jointly with any such city or town or like corporation, any right, or to lay and own individually or jointly with any city or town * * * any water pipe line for the purposes specified in this act." There is no provision expressly

or impliedly authorizing a district to condemn property owned or operated by an incorporated city.

*Straw v. Harris,* 54 Or. 424, 103 P. 777, is relied upon by defendants as authority for including cities and towns within the territory of water districts incorporated pursuant to chapter 346. That case involved the constitutionality of chapter 39, General Laws of Oregon, 1909, codified, with amendments, as §§ 105-501, to and including 105-509, O. C. L. A., providing for the incorporation of ports. The validity of the organization of the port of Coos Bay was there in issue. Included within the boundaries of the territory of that port were "the incorporated towns of North Bend, Marshfield, East Marshfield and Empire City."

No question seems to have been raised in that case as to whether the legislature intended, by the language used in the statute, to permit the inclusion of incorporated cities within the territorial boundaries of a port. Apparently the litigants conceded that authority to do so was within both the letter and spirit of the act. We think, from a reading of the entire act, that it was contemplated by the legislature that incorporated cities would be included within the territorial boundaries of a port. One reason for this conclusion is that the act recognizes that some of the signers of the petition, who must be residents of the district to be incorporated, may be residents of an incorporated city, since § 105-502, *supra,* provides that a signer of the petition shall give his residence, and "if in a city, street and number."

In § 105-509, *supra,* the powers and authority of a port district are specified, among them being the following: (1) "To improve all bays, rivers and harbors within its limits and between its limits and the sea";

(2) to exercise "full control of all bays, rivers and harbors within their limits, and between their limits and the sea"; (3) "to establish, maintain and operate a tugboat and pilotage service in said port and between said port and the sea," and (4) to "acquire lands, construct canals and breakwaters, piers and bulkheads".

The foregoing enumerated powers conferred upon a port district are only a few of those specified in the act. However, they are sufficient to indicate that many of such powers have never been granted to incorporated cities, and others are functions not ordinarily exercised by them. In referring to this matter, the court, in *Straw v. Harris,* supra, said:

"We find that the constitution, by permitting, through general laws, the exercise by municipalities of greater and more extensive prerogatives for other and different purposes, including the formation of ports, has thereby delegated to such larger districts the right to take such steps as may be essential to the carrying out of the general purpose and object of their creation. The exercise of this privilege does not necessitate the elimination of the city governments, nor of any substantial part of them, within any of the territory included; nor does it in any respect interfere with the general object or purpose for which the included corporations were established. * * *"

We find nothing in *Straw v. Harris,* supra, inconsistent with plaintiff's contention that incorporated cities and towns cannot be included within the boundaries of water districts organized under chapter 346, *supra.*

Reference has been made to the power and authority granted to the cities of Coos Bay and North Bend

by their charters. They are also granted authority by statute to own and operate their water systems. General Laws of Oregon, 1893, §.25, p. 128 (§ 95-401, O. C. L. A.). In addition thereto the legislature, prior to the enactment of chapter 346, *supra,* passed chapter 3, General Laws of Oregon, 1915, codified as § 114-102, O. C. L. A., which authorizes all or any of the incorporated cities within the state to construct, own, or operate jointly "water works and water pipe lines, water rights and water, and in their own names or in the name of joint or other commission or agency, for any such purpose," to purchase or otherwise acquire land, water rights, water works, etc., and to provide joint or other commissions or agencies for the construction, operation or control of such water system or systems.

In contrast to chapter 346, we find that the legislature, in providing for the creation of people's utility districts, chapter 279, Oregon Laws 1931 (§§ 114-201 to 114-268, inc., O. C. L. A.) expressly prescribes that such districts may consist of a municipality or municipalities with or without unincorporated territory. § 3, chap. 279 (§ 114-203, O. C. L. A.). This statute was enacted pursuant to article XI, § 12, Oregon Constitution, which contains similar provisions. Among the powers conferred upon such districts, both by the constitution and by the statute, is the supplying of water for domestic and municipal purposes.

■ A careful consideration of the legislation relating to water districts makes it clear that the legislature did not intend that territory within an incorporated city or town might be included within a water district formed pursuant to chapter 346. The object sought to be accomplished by the enactment of chapter 346 was

to enable communities to incorporate as municipal corporations for the purpose of supplying their inhabitants with water for "domestic purposes". In cities, the use of water is not limited to domestic purposes, but is used, among other things, for sanitation, fire protection, and industrial purposes.

The fact that the legislature, in providing for the annexation of additional territory to an existing water district, excluded cities and towns from such annexation (§ 116-1018, *supra*) is strong indication that the provisions of chapter 346 do not apply to cities and towns. Section 116-1018 was enacted in 1927. It is not an amendment of any section of chapter 346, but refers to districts organized under that act, and grants additional power to such districts. It is, to a certain extent, a legislative interpretation of the provisions of chapter 346, for it is very unlikely that incorporated cities would have been excluded by § 116-1018 from annexation to existing water districts unless the legislature construed the provisions of chapter 346 as excluding them in the original organization.

■ Had it been the intention of the legislature to make the power of such a water district supreme over that of an incorporated city in the matter of supplying domestic water, such purpose should have been clearly shown. There is nothing in the language of chapter 346 which expressly or by necessary implication indicates that incorporated cities might be included in such districts. Statutes will not be construed as being in conflict with the provisions of a city charter unless it is necessary to do so to effectuate the intention of the legislature.

■■ The act under consideration does not expressly repeal the statute granting authority to cities and towns

to own and operate their own water systems (§ 95-401, *supra*), or the statute granting authority to cities and towns to construct, own, or operate water systems jointly (§ 114-102, *supra*). Repeals by implication are not favored. *Noble v. Noble,* 164 Or. 538, 549, 103 P. (2d) 293. By limiting the provisions of chapter 346 to unincorporated territory, there is no such repugnancy between that act and the sections last above mentioned that they cannot all be harmonized and given effect. Any reasonable construction which will give effect to all these statutes should be adopted. *Pacific Elevator Co. v. Portland,* 65 Or. 349, 387, 133 P. 72, 46 L. R. A. (N.S.) 363.

In our opinion the legislature, by the enactment of chapter 346 and amendments thereto, did not intend to curtail the power of cities in the matter of supplying water to their inhabitants.

No error was committed by the circuit court, and the judgment appealed from is therefore affirmed.