Argued June 25, affirmed July 3, petition for rehearing denied
September 6, 1957

# PETERKORT & CO. ET AL *v.* EAST WASHINGTON COUNTY ZONING DISTRICT ET AL

313 P. 2d 773
314 P. 2d 912

*Maurice D. Sussman,* Portland, argued the cause for appellants. With him on the brief were Alexander Schneider and Gilbert Sussman, Portland.

*Carrell F. Bradley* argued the cause for respondents. On the brief were Bush & Bradley, Hillsboro.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, BRAND, WARNER and McALLISTER, Justices.

LUSK, J.

The plaintiffs, J. Peterkort & Co., an Oregon corporation; Bertha A. Peterkort and J. Peterkort, husband and wife, brought this suit against the East Washington County Zoning District, the commissioners of the district and certain county officials to obtain a decree declaring the zoning district to have been invalidly organized. All the plaintiffs are owners of real property and taxpayers in the district, and Mr. and Mrs. Peterkort reside therein. The court entered a decree declaring the district invalid and of no effect on the ground that the statute under which the defendants were organized is unconstitutional. By the terms of the decree the commissioners of the district were restrained from exercising any powers as such; the county assessor of Washington County was restrained from extending onto the tax rolls taxes on behalf of such district; the sheriff of Washington County from collecting taxes on behalf of the district; and the county treasurer from paying any warrants issued or drawn by the district. The zoning district and the commissioners thereof have appealed from the decree.

The creation, powers and functions of zoning districts outside of incorporated cities, known as county

zoning districts, are provided for by Oregon Laws 1947, ch 558, now codified as ORS 215.210 to 215.450, both inclusive. The procedure for forming a county zoning district is, briefly, as follows: Upon the presentation of a petition signed by 10 or more residents and freeholders within the proposed district setting forth the boundaries thereof and praying that it be organized as a zoning district within the county, the county court, after notice, shall hold a hearing thereon, and, if it approve the petition, shall order an election to be held in the proposed district. ORS 215.230, 215.240, 215.250 and 215.260. The question here turns upon the constitutionality of ORS 215.260 (2), which, at the time of the election at which the district was organized, to wit, November 2, 1954, read as follows:

"The order must fix the day of election, which must be held not less than 30 days from the date of the order, and must state that at the election there will be submitted to the resident freeholders of the district the proposition of whether or not the resident freeholders desire to form the district."

The contention of the plaintiffs and the ground of the circuit court's decision is that the provision of the foregoing section, which limits the right to vote on the proposition to "the resident freeholders" of the district conflicts with Art II, § 2, of the state constitution and is, therefore, void.

Article II, § 2, reads as follows:

"In all elections, not otherwise provided for by this constitution, every citizen of the United States, of the age of 21 years and upwards, who shall have resided in the state during the six months immediately preceding such election, and who shall be duly registered prior to such election in the manner provided by law, shall be entitled to vote, provided

such citizen is able to read and write the English language. The legislature, or the people, through the initiative may prescribe the means of testing the ability of such citizen to read and write the English language. Any act which has been passed by the legislative assembly, and which purports to execute and carry into effect the provisions of this section, shall be deemed to have been passed pursuant to, and in accordance herewith, and hereby is ratified, adopted and confirmed, the same as if enacted after the adoption of this amendment. The legislative assembly, or the people through the initiative, may by law require that those who vote upon questions of levying special taxes or issuing public bonds shall be taxpayers."

Any citizen having the qualifications set forth in the first sentence of the foregoing section is entitled to vote at any election except that where the election is "upon questions of levying special taxes or issuing public bonds" the legislature may constitutionally provide that only "taxpayers" shall vote. By "taxpayers" in this context we assume, as do counsel, is meant the same thing as freeholders.

■ The last sentence of Art II, § 2, was an amendment approved by the people at the regular election held November 8, 1932 (Oregon Laws, Special and Regular Session, 1933, p 5), and, as pointed out in the defendants' brief, was apparently proposed and adopted because of the decision of this court in *Loe v. Britting,* 132 Or 572, 287 P 74, decided in 1930, which held unconstitutional as in conflict with Art II, § 2, an act of the legislature passed in 1929 (Oregon Laws 1929, ch 281), which provided that no person should be allowed to vote upon the question of levying a special tax or issuing public bonds unless such person was a taxpayer upon real or personal property situated within the particular tax-levying or bond-issuing district.

Elections in incorporated cities and towns were excepted from the provisions of this statute. The question in the Loe case was whether the plaintiff, a duly registered legal voter in Multnomah County, was entitled to vote upon the question of whether the county should issue bonds for the construction of a bridge across the Willamette River. The court held that an election upon such a question was an election within the meaning of Art II, § 2. Hence, the legislative attempt to prohibit otherwise qualified voters who were not taxpayers from voting at such an election clashed with the provisions of the constitution declaring who are qualified electors and was necessarily struck down. This history and the Loe case seem to be relied on by the defendants, but it seems to us that, to the extent that they are pertinent, they support the plaintiffs' contention. Certainly, the Loe case demonstrates that this court will not resort to strained construction of a constitutional provision in order to avoid holding unconstitutional a statute which plainly comes into conflict with it.

The election with which we are concerned in this case is not upon a question of levying special taxes or of issuing public bonds but upon "the proposition of whether or not the resident freeholders desire to form the district." It was not an election as to which the legislature was authorized to make ownership of real property a qualification to vote. It is suggested that the election was upon the question of levying a special tax because of the provisions of the county zoning law, ORS 215.325, that the district zoning planning commission is authorized to incur expenses and required to submit a budget to the county court, and that the county court, after approving such budget, shall levy a tax not to exceed one mill per dollar of

assessed valuation upon all taxable real property in such zoning district in order to pay the amount of the budget. To state the proposition is to answer it. No question of levying any tax, either general or special, was submitted to the voters in the election determining whether the zoning district should be created.

It is one thing to vote for or against a tax, quite another thing to vote for or against the creation of municipal or quasi-municipal corporations having power to levy a tax. Approval of the defendants' contention would mean that eligibility to vote in elections for the creation of cities, and other municipal and quasi-municipal corporations could be made by the legislature to depend upon the fact of the ownership of property simply because these organizations are tax-levying bodies. The constitution does not so provide, and it cannot be given any such meaning by construction.

It is of some significance that the 1957 session of the legislature amended ORS 215.260(2) so as to provide that the order for the election should state that the proposition as to forming a district should be submitted to the "qualified" electors rather than to the "resident freeholders" of the district. Oregon Laws 1955, ch 652, § 3 (2).

■ Our attention has been called to ORS 215.290, which contains this provision: "Each qualified elector within the proposed district for the period requisite to enable him to vote at a general election, shall be entitled to vote at the election." We think that this means the qualified electors as defined by ORS 215.260, namely, the "resident freeholders" to whom only the invitation to vote is authorized to be extended. If this construction is not adopted the two provisions are in irreconcilable conflict. Even though it were possible to say

that somehow the language of ORS 215.290, which we have quoted, is effective to substitute "qualified voters" for "resident freeholders" in ORS 215.260 (2), and that, therefore, the county court was authorized to state in the order that the proposition would be submitted to all the qualified voters of the district, still it would be necessary to hold the election void, as the order did not so state. But we do not think the suggested construction permissible.

Counsel for defendants argue that certain statutes enacted since the adoption of the 1932 amendment of Art II, § 2, of the constitution, and which prescribe ownership of land as a qualification for voting, are to be taken as a legislative construction of the constitution supporting their view. Two of the sections cited have to do with elections on the questions of bond issues or special taxes: ORS 550.080 (flood control districts); ORS 371.340 (special road districts); and therefore come clearly within the last sentence of Art II, § 2. One deals with voting rights in irrigation districts: ORS 545.002. But it was held in *Board of Directors v. Peterson*, 64 Or 46, 52-55, 128 P 837, 129 P 123, that Art II, § 2, does not govern elections under the irrigation districts law because in such districts no one but land owners have any possible interest in the affairs or financial management of the district, while as to most other quasi-municipal corporations all the people within the district are affected by the action of its officers. A zoning district, which is created in pursuance of the police power (*Page v. City of Portland*, 178 Or 632, 637, 165 P2d 280), is in the latter category. Two other sections are cited: ORS 265.040 (cemetery maintenance districts) and ORS 572.010 (grasshopper control districts). We do not, of course, undertake here either to interpret these provisions or

to pass upon their constitutionality. In no event can their enactment be accepted as a legislative interpretation of the constitution, binding or even persuasive, for the language of Art II, § 2, is unambiguous and its meaning clear and not open to construction.

Our conclusion is that ORS 215.260 is unconstitutional as in conflict with Art II, § 2, of the Oregon Constitution, the election held pursuant to that statute was void, and the purported county zoning district is without any legal validity. We have kept in mind, in our consideration of the case, the presumption in favor of constitutionality and the rule that courts will not declare an act of the legislature unconstitutional unless it so appears beyond a reasonable doubt. Here there is no room for doubt, and we are reluctantly compelled to affirm the decree of the circuit court.

Other questions were raised in the briefs and at the argument, but, in view of the foregoing conclusion, it is unnecessary to consider them. No costs or disbursements will be allowed.

Affirmed.

**ON REHEARING**

On Appellants' Petition for Rehearing

Maurice D. Sussman, Alexander Schneider and Gilbert Sussman, Portland, for the motion.

Before Perry, Chief Justice, and Rossman, Lusk, Brand, Warner and McAllister, Justices.

## LUSK, J.

The petition for rehearing is largely devoted to a restatement of the defendants' argument in support of the constitutionality of ORS 215.260 prior to its amendment by Oregon Laws 1955, ch 652, § 3 (2). We remain of the opinion that the statute as it then read was unconstitutional, and think that it is unnecessary to restate our reasons.

■■ The petition reiterates a contention not mentioned in our former opinion that, even though the statute be unconstitutional, the formation of the district

should be sustained because there is no reason to believe that the result of the election would have been different had non-freeholders voted. Counsel rely on *Witham v. McNutt,* 186 Or 688, 208 P2d 459. The doctrine of that case is that substantial compliance with the requirement of notice in a valid election law governing the holding of a special election is sufficient, particularly so where the record supports the conclusion that had there been a literal compliance the result of the election would not have been changed. But this rule cannot be applied to the case of an election attempted to be held pursuant to an unconstitutional law. Such a law is a nullity, and neither the notice of the election given in accordance with its terms nor the election itself could have any legal efficacy.

The petition for rehearing is denied.