Argued April 9, peremptory writ of mandamus issued June 3,
order showing compliance June 18, 1958

# STATE EX REL MEYER ET AL v. COUNTY COURT OF THE STATE OF OREGON FOR WASHINGTON COUNTY

326 P. 2d 116

*Carrell F. Bradley,* Hillsboro, argued the cause for relator. On the brief were Bush & Bradley and George W. Mead, Hillsboro.

*George Waliser, Jr.,* Hillsboro, argued the cause for respondents. With him on the brief were Francis W. Linklater, District Attorney, Hillsboro, and John Mosser, Portland.

PERRY, C. J.

This is an original proceeding in mandamus brought by the relators against the County Court of the State of Oregon for Washington County and the individual officers comprising the court.

This action arises from the following facts: In November, 1954, a zoning district known as East Washington County Zoning District was attempted to be created in Washington County under and by virtue of Oregon Laws 1947, ch 558, codified as ORS 215.210 to 215.450 inclusive. Section 3, ORS 215.260 of this Act, which provided that only freeholders could vote in the formation of a zoning district, was later amended by Oregon Laws 1955, ch 652, to provide that all of the qualified electors of the proposed district could vote on whether or not a proposed zoning district should be formed. Since the Act providing the means for incorporation of such zoning districts, prior to its amendment of ORS 215.260 by Oregon Laws 1955, ch. 652, was violative of Article XI, § 2, of our constitution, because it limited to resident freeholders the right to vote on the question of formation of the district, we held the attempt to form East Washington County Zoning District ineffective. See *Peterkort v. County Zoning District*, 211 Or 188, 313 P2d 773, 314 P2d 912. After this opinion was rendered the 49th Legislative Assembly, in special session, enacted Oregon Laws 1957, Special Session, ch 11, which insofar as material reads as follows:

"Section 1. (1) There hereby is created a zoning district territorially coterminous with each zoning district existing on July 2, 1957, and formed by an election under ORS 215.260, if the district so formed was at that time a valid district but for the fact that the electorate in such election was re-

stricted to property owners. In determining the boundaries of districts created by this subsection, full effect shall be given to annexations effected by zoning districts prior to the effective date of this Act under ORS 215.415.

\* \* \* \* \*

"Section 3. Actions taken prior to the effective date of this Act pursuant to ORS 215.210 to 215.450 which would be valid but for the invalidity of an election held in accordance with ORS 215.260, hereby are validated, ratified and confirmed."

The relators presented to the County Court of Washington County a petition to form a zoning district in that county to be known as the Raleigh Hills Zoning District, which petition is admitted for purposes of this case to be in all respects valid. A portion of the proposed district lies within the territorial limits of the purported East Washington County Zoning District. The county court rejected relators petition and declined to call an election. The petition being regular in all respects, the relators bring this proceeding to compel the defendants to submit to the voters of the proposed district the question of whether or not the Raleigh Hills Zoning District shall be formed.

Based upon the assumption that the 1957 Act of the legislature was valid and established as a municipal corporation the East Washington County Zoning District, the relators' petition was denied, the county court's order, as material, reading as follows:

"That the area described in the petition lies entirely within the boundaries of the EAST WASHINGTON COUNTY ZONING DISTRICT, which was heretofore held to be invalid. That the Oregon legislature at the 49th Legislative Assembly,

1st Special Session, 1957, enacted a law relating to zoning districts, now known as Chapter 11, Oregon Laws, 1957, Special Session, wherein zoning districts were created in the State of Oregon, the boundaries of which are territorially coterminous with each zoning district existing on July 2, 1957, if the district so formed was at that time a valid district but for the fact that the electorate in that election was restricted to property owners. That the East Washington County Zoning District was invalidated by the Circuit Court of the State of Oregon for Washington County on January 15, 1957, and affirmed by the Supreme Court of the State of Oregon in the case of *Peterkort vs. East Washington County Zoning District et al,* 64 Oregon Advance Sheets, page 1037, [211 Or 188, 313 P2d 773, 314 P2d 912] opinion filed July 2, 1957, upon the grounds that the statute, O.R.S. 215.260 (as of November 17, 1954) was unconstitutional and void because it restricted the electorate in elections for the formation of a district to property owners. The Court further finds that this matter is complicated by the fact that subsequent to July 2, 1957, but prior to the effective date of Chapter 11, Oregon Laws, 1957, Special Session, there was created a zoning district called the SUNSET ZONING DISTRICT, the boundaries of which are entirely within but not coterminous with the old East Washington County Zoning District. That Chapter 11, Oregon Laws, 1957, Special Session, created a zoning district where the old East Washington County Zoning District existed, then a zoning district exists on top of a zoning district and to allow the petition in this case would be to create still another zoning district on top of a zoning district. That by reason of said law (Chapter 11, Oregon Laws, 1957, Special Session) the Court is of the opinion that a zoning district already exists in the area described in the petition, and therefore, said petition must be denied."

The Alternative Writ of Mandamus sets forth that

the relators allege that the county court was in error as follows:

"a. Chapter 11, Ore. Laws, 1957, Special Session, violates section 2 of Article XI of the Oregon Constitution in that the legislature by special law has attempted to create a municipal corporation.

"b. The act, even if valid, would not create a zoning district, the boundaries of which were the same as the old East Washington County Zoning District, because that district was invalid, not because the electorate was restricted to property owners, but because the law itself was unconstitutional.

\* \* \*

"c. The East Washington County Zoning District was invalidated on January 15, 1957, and was not in existence on July 2, 1957, and, therefore, the territory in question could not have been affected by said law.

"d. Prior to the effective date of Chapter 11, O.L., 1957, Special Session, there was created a zoning district within the area formerly occupied by the East Washington County Zoning District. If said law is valid, then it has created a zoning district on top of a zoning district."

■■ There is no doubt that as a general rule the legislature may pass curative acts retroactive in effect which are capable of validating any matter or proceeding which it might have authorized in the first instance. *Coos County v. Oddy,* 156 Or 546, 68 P2d 1064; *MacKenzie v. Douglas County,* 91 Or 375, 178 P 350. Neither can it be doubted that the power to create a corporation, either public or private, is generally a legislative function, unless restricted by constitutional provision, and that quasi-municipal corpo-

rations as distinguished from cities and towns may be established without vote of the people. *Wasco County P. U. D. v. Kelly,* 171 Or 691, 137 P2d 295; *Rose v. Port of Portland,* 82 Or 541, 162 P 498.

At the very threshold of our consideration of this matter we are met with the defendants' admission that subsequent to the decision in *Peterkort v. County Zoning District,* supra, and prior to the enactment of ch 11, Oregon Laws, 1957, Special Session, there was created a valid zoning district called the Sunset Zoning District, the boundaries of which are entirely within but not coterminous with the former East Washington County Zoning District.

If, therefore, we should sustain the defendants' contention that the Act of the legislature validly created the East Washington Zoning District we would sanction the superimposition of this district upon the area now constituting the Sunset Zoning District unless it can be said the Act is retroactive in effect and, therefore, the Sunset District is now usurping powers, as to a portion of the area, granted the East Washington Zoning District, or there can be found in the Act language justifying a conclusion that the Sunset Zoning District's charter has been by this Act revoked.

It is to be observed that Oregon Laws 1957, Special Session, § 1, ch 11, does not attempt to validate the invalid act under which the East Washington County Zoning District was attempted to be formed, but describes a situation that appears to exist and creates out of this situation a zoning district, and § 3 merely ratifies and confirms past actions taken by the zoning district, which acts would have been rightful under the legislative grant of powers had the district been validly incorporated.

■ Therefore, assuming this act to be valid, we are led to the conclusion that this Act can be interpreted only as creating zoning districts as of the date of the 1957 Act which could qualify with the same territorial boundaries existing at the time of the attempted organization plus those areas later annexed. Also, in the Act creating these districts there are to be found no words from which we may gather a retroactive intent to establish a zoning district as of the date of the original attempt at incorporation; neither is there language which revokes the charters of valid zoning districts which might have been lawfully created in the areas formerly occupied by the invalid corporations.

It is well-settled in this state and elsewhere "that two lawfully and fully organized public or municipal corporations cannot have jurisdiction and control at one time of the same population and territory and exercise like or similar powers in the same boundaries." 1 McQuillin, Municipal Corporations, 775, § 283; *State ex rel. v. Chandler et al.,* 180 Or 28, 175 P2d 448; *Priest v. James et al.,* 125 Or 72, 265 P 1092; *State ex rel. School Dist. No. 8 v. Goff,* 110 Or 349, 218 P 556, 221 P 1057; *Rathfon v. Payette-Oregon S. Irr. Dist.,* 76 Or 606, 149 P 1044.

■ It is, therefore, self-evident that when the East Washington Zoning District was found to be unconstitutionally organized it ceased to exist from inception as a valid municipal corporation with powers prior in time to those granted the Sunset Zoning District. Logic also requires that where the state has granted rights to a municipal corporation to perform certain acts in a given area the first in time must be recognized as endowed with the sovereign rights, and another municipal corporation with the same powers cannot be created in the same area without first withdrawing

from the prior corporation charter rights granted by the sovereign.

Under the circumstances of this case it was impossible for the legislature to create the East Washington County Zoning District by an Act which provided for the creation of a zoning district with boundaries coterminous with those held on July 2, 1957, and which boundaries had been determined by a void election and subsequent annexations, for on the date of enactment these conditions did not exist so far as the East Washington County Zoning District was concerned.

It is not necessary to the disposition of this case for us to consider the constitutional questions involved in the passage of Oregon Laws 1957, Special Session, ch 11, and we decline to do so for the reason that our statements upon that subject would be mere dictum.

The defendants erred in denying relators' petition to call an election. The demurrer is overruled and it is ordered that the writ issue forthwith.

McAllister, J., concurs in the result.