STATE ex rel Thomas H. KIRSCH,
John Hatfield, Lee Bissel, Donna Davis,
Patricia Creelman, Mike Weber and Errol Schnider,
*Appellants,*

*v.*

John CURNUTT,
Patricia Neff, Michael Throop,
Steven Heydon and John Doe,
*Respondents.*

(87 CV 0061-33; CA A67772)

833 P2d 331

Timothy R. Volpert, Portland, argued the cause for appellants. With him on the briefs were Steven R. Rinkle and Davis, Wright, Tremaine, Portland, and Edward E. Sites and Glenn, Sites & Reeder, Madras.

Paul R.J. Connolly, Salem, argued the cause for respondents. With him on the brief were Donaldson, Albert, Tweet, Connolly, Hanna & Muniz, Salem, and Paul F. Sumner, Madras.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

RIGGS, J.

## RIGGS, J.

This is an action for usurpation of office. ORS 30.510. Plaintiffs, the directors of Mountain View Hospital District (MVHD), sought a declaration that Jefferson County Emergency Services District (JCESD) was invalidly formed, a declaration that defendants, directors of JCESD, were illegally holding office and an injunction prohibiting defendants from acting as directors of JCESD. The trial court concluded that JCESD and MVHD could exist simultaneously and, therefore, held that defendants were not unlawfully holding office. Plaintiffs appeal, and we reverse and remand.

The relevant facts are undisputed. MVHD was formed in 1964 and has existed continuously since its creation.[1] It is located entirely within and includes most of Jefferson County. MVHD provides health district services, but it does not provide ambulance service. Between 1964 and 1985, ambulance service in the area was provided by the City of Madras. In 1985, Madras discontinued ambulance service and donated the ambulance equipment to a group of volunteers.

Prompted by their concern about the cost of liability insurance, the volunteers approached MVHD to discuss the possibility of providing ambulance service under the auspices of MVHD. On July 24, 1986, after several months of discussion and negotiation, MVHD offered to assume responsibility for providing the ambulance service. The volunteers did not accept the offer. Instead, because they wanted to retain their autonomy, they sought a special election to create a new health district.[2] On September 16, 1986, the voters approved

---

[1] MVHD was formed under the law existing at that time governing the establishment of hospital districts. Or Laws 1949, ch 548. The term "hospital district" was later changed to "health district," and the principal act governing health districts was recodified in ORS chapter 440. Or Laws 1957 (Special Session), ch 13.

[2] The ballot caption and question read:

"JEFFERSON COUNTY AMBULANCE DISTRICT FORMATION[.]
"Shall the voters in the affected area of
Jefferson County establish an Ambulance District?"

The explanatory language that appeared on the ballot said, in relevant part:

"This measure creates a Health District (ORS Chapter 440) governed by a five member board elected by the registered voters in the proposed district area. The purpose of the District is to provide medical services including but not limited to providing ambulance service within the District area."

the new health district. The new district, JCESD, is entirely within MVHD's territorial boundaries.

Plaintiffs assign error to the trial court's ruling that MVHD and JCESD could exist simultaneously in the same territory. ORS 198.720(2) states, in pertinent part:

"A district may not include territory included within another district formed under the same principal Act when the other district is authorized to perform and is performing the services the affected district is authorized to perform * * *."

MVHD and JCESD are health districts formed under the same principal act, ORS chapter 440.[3] Health districts are authorized to "supply[] their inhabitants with facilities for the care of sick and injured persons[.]" ORS 440.320(1). The legislature has given them all of the powers necessary to carry out that purpose. ORS 440.360. Among the powers expressly listed in ORS 440.360 is the power to provide ambulance service by contracting for the service or by acquiring the equipment and personnel for operation of the service. ORS 440.360(12).

The trial court interpreted ORS 198.720(2) to mean that, not only must a preexisting health district be authorized to perform general services, it must *actually* be performing each and every service under the authorization to prevent the creation of a second district. Because MVHD was not performing ambulance services, the trial court concluded that JCESD could lawfully co-exist to perform ambulance service within MVHD's territory.

Under defendants' and the trial court's interpretation, any number of health districts could be formed to provide individual services related to the services generally authorized under ORS 440.320, "supplying facilities for the care of sick and injured persons." All of those health districts would have, among other powers, the power to adopt and enforce rules, ORS 440.360(9), the power of eminent domain, ORS 440.370, and the power to assess, levy and collect taxes. ORS 440.395. That would result in "intolerable confusion instead of good government" and is contrary to the well-

---

[3] "Principal Act" means the statutes that describe the powers of a district, including the statutes under which a district is operating. ORS 198.705(15).

settled fundamental principle of municipal law that there cannot be, at the same time, within the same territory, two distinct municipal corporations, exercising the same powers, jurisdiction and privileges. 2 McQuillin, *Municipal Corporations*, § 7.08, 382 (3d ed 1988); *see also Landis v. City of Roseburg*, 243 Or 44, 52, 411 P2d 282 (1966); *State v. Co. Court for Washington Co.*, 213 Or 643, 650, 326 P2d 116 (1958); *State ex rel v. Chandler et al*, 180 Or 28, 34, 175 P2d 448 (1946). The phrase "and is performing the services the affected district is authorized to perform" must be directed at existing districts that are inactive.

   °   Because JCESD was formed under the same principal act as MVHD and MVHD is performing the services it is authorized to perform, JCESD's formation was invalid and defendants are holding office unlawfully.

   Reversed and remanded.