Ervin Flowers, City Atty., of Goose Creek, for appellants.

Shannon Morris, City Atty., of Pelley, for appellees.

**MONTEITH, Chief Justice.**

This is an appeal from a judgment of the district court of Harris County granting the application of appellee, the City of Pelly, for a permanent injunction restraining the City of Goose Creek and its municipal officers from adopting an ordinance purporting to annex to said City of Goose Creek certain adjoining territory claimed by appellee to be within the territorial limits of the City of Pelly.

On October 16, 1945, the City of Pelly began proceedings to hold a Home Rule charter election. The election was held on December 8, 1945, and resulted in the City of Pelly adopting a Home Rule charter. On December 7, 1945, the City of Goose Creek adopted an ordinance on first reading purporting to annex the territory in dispute. This action was filed by the City of Pelly to restrain the final passage of said ordinance and to restrain its municipal

**CITY OF GOOSE CREEK et al. v. CITY OF PELLY et al.**

**No. 11802.**

Court of Civil Appeals of Texas. Galveston.

Oct. 10, 1946.

officers from exercising any municipal functions over the disputed territory.

The trial court found in his judgment as a fact, upon what we deem to be sufficient evidence, that a portion of the territory attempted to be annexed by appellants was part of the territory included within the corporate limits of the City of Pelly by its original incorporation election held in the year 1919; that the other portions of the disputed territory were part of the territory attempted to be annexed by the City of Pelly by ordinances adopted by its City Council on March 24 and June 7, 1928, and that the appellee had not attempted to exclude the disputed territory from its territorial limits. The court found that the City Council of the City of Pelly had, by annexation ordinance, annexing territory other than that in dispute, dated January 2, 1919, restated the metes and bounds of the City of Pelly and had included within such corporate limits all the territory in dispute in this cause and that, since 1938, it had carried all taxable property within the disputed territory on its tax rolls.

Article 974, Revised Statutes of 1925, provides that: "When a majority of the inhabitants qualified to vote for members of the State legislature of any territory adjoining the limits of any city incorporated under, or accepting the provisions of, this title, to the extent of one-half mile in width, shall vote in favor of becoming a part of said city, any three of them may make affidavit to the fact to be filed before the mayor, who shall certify the same to the city council of said city. The said city counsel may, by ordinance, receive them as part of said city; from thenceforth the territory so received shall be a part of said city; * * *."

It is undisputed in the record and the trial court found in his judgment that the territory sought to be annexed by appellant, City of Goose Creek, was included in the corporate limits of appellee, City of Pelly, in its original incorporation election in 1919, or was included in the ordinances adopted by its city council in 1928.

Article 974b, Vernon's Ann.Civ.St., was enacted in 1934, provides that all elections, election proceedings, and city ordinances annexing adjacent territory to, or extending and prescribing the corporate limits of any incorporated city having a population of not less than 3,000 and not more than 6,000 inhabitants, as shown by the last preceding Federal census, shall be validated and confirmed.

Article 974c—1 provides that all this act shall also apply to all cities and incorporated towns having a population of 5,000 inhabitants or less according to the last Federal census, and that all election proceedings and ordinances of such cities shall be validated and confirmed.

It is undisputed that appellee, City of Pelly, by its incorporation election in 1919 and by ordinances adopted on April 7, 1928, June 7, 1928, and January 2, 1939, attempted to annex the territory in dispute.

It is the established law in this State that a "municipal authority, be it one having a legal existence or in the process of organization, which first commences legal proceedings asserting authority over a given territory, thereby acquires a jurisdiction over the same which cannot thereafter be defeated by a subsequent attempted exercise of jurisdiction by a similar municipal organization." State ex rel. Binz et al. v. City of San Antonio et al., Tex.Civ.App., 147 S.W.2d 551, 552, writ of error refused.

Since the territory involved was not within the limits of another municipal corporation prior to the date appellee, City of Pelly, began proceedings for the adoption of a Home Rule charter under clearly defined metes and bounds which included the disputed territory, appellee acquired prior right thereto and appellants' attempt to annex the territory involved was ineffective and void.

These conclusions require an affirmance of the trial court's judgment; it is so ordered.

Affirmed.