VILLAGE OF FAIRLAWN, APPELLEE, *v.* PRESTON (MASHETER, SUCCESSOR), DIR. OF HIGHWAYS, APPELLANT.

(No. 38922—Decided May 19, 1965.)

*Messrs. Roetzel, Hunsicker & Michaels* and *Mr. Bernard J. Roetzel,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Harold B. Talbott* and *Mr. I. Charles Rhoads,* for appellant.

ZIMMERMAN, J.   As drawn from the pleadings and the stipulations, written and oral, the essential facts are:

1. On May 20, 1957, the state Department of Highways contracted with an engineering firm to prepare a preliminary report for the relocation of State Route 18 between Norwalk and the Akron Expressway.

2. On June 10, 1959, the director conducted a public hearing for the relocation of that part of State Route 18, which relocation now affects the village.

3. On July 15, 1959, by entry in his journal, the director relocated the portion of State Route 18, mentioned above, over then unincorporated areas of Bath and Copley Townships.

4. Subsequently, in November 1959, parts of those townships, by vote of the inhabitants, were incorporated to form Fairlawn village, established January 7, 1960, and the village officers promptly registered objection to the proposed relocation of State Route 18 as it would pass through the village.

5. As relocated, State Route 18 would follow a different course than formerly.

6. State Route 18, as relocated, would become a part of Interstate Route 77, which route is a federal aid primary or a federal aid interstate highway.

7. On or about December 19, 1961, the village by resolution of its legislative authority rejected the request of the Department of Highways for consent to construct the highway through the village as planned, and a copy thereof was transmitted to the director.

It is the position of the director that, since all the necessary steps taken to relocate State Route 18 in compliance with Section 5511.01, Revised Code, and related statutes occurred prior to the incorporation of the village, consent by the village is not now required and he is at liberty to proceed with the project according to the formulated plan, notwithstanding objection by the village.

As stated by the village in its brief, the question for decision is:

"Must the Director of Highways obtain the consent of a municipal corporation or, failing to obtain such consent, proceed in the manner provided for by R. C. 5521.01 prior to construction within such municipality of a state highway lawfully established before the municipal corporation came into being?"

A perusal of applicable Section 5511.01, Revised Code, demonstrates that it relates primarily to the *establishment* of highways by the director through a prescribed course of procedure, whereas Section 5521.01, Revised Code, relates to the *construction* of highways. There is a marked difference between the two. The former concerns preliminary steps and the establishment of the highway on paper and does not mean that its actual construction will ever take place. Construction has to do with the actual building of the highway, and it is then, under Section 5521.01, Revised Code, that the director "in all cases * * * shall first obtain the consent of the legislative authority of such municipal corporation."

A municipality in existence at the time construction is about to take place comes within the protection of Section 5521.01, Revised Code, with respect to the required consent.

Without lengthening this opinion further, we agree with the Court of Appeals that State Route 18, a part of a federal interstate highway, has been duly established by the director, but the construction thereof through the village may not be carried on without the consent of the village. Where such consent is refused, it is incumbent on the director to prepare a resolution declaring the necessity of such construction as planned and serve a certified copy thereof upon the legislative authority of the municipality. The municipality is then given 20 days to appeal to the Court of Common Pleas of the county in which the municipality is situated to secure a determination as to the reasonableness and necessity for the construction as set out in the resolution.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.