Argued January 5, reversed with instructions February 24, 1966

# LANDIS *v.* CITY OF ROSEBURG
411 P. 2d 282

*Paul E. Geddes,* Roseburg, argued the cause for appellant. On the briefs were Geddes, Felker, Walton & Richmond, Roseburg.

*Edward M. Murphy,* Roseburg, argued the cause for respondent. On the brief were Stults, Jayne & Murphy, Roseburg.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

PERRY, J.

On January 24, 1964, a petition was filed with the county court of Douglas county to incorporate an area

adjacent to the city of Roseburg into a city to be known as "City of Edenbower." The county court, by order, set May 15, 1964, as the date for holding an election on the desires of the people of the area as to incorporation. The election was held and the proposal to incorporate was defeated. After February 5, 1964, and prior to February 18, 1964, written consents to the annexation by the city of Roseburg of two separate areas of land lying immediately adjacent to the city and also lying wholly within the area proposed to be incorporated into the proposed City of Edenbower were filed with the proper officials of the city of Roseburg. These consents, pursuant to ORS 222.170, were signed by at least two-thirds of the land owners within each of the respective areas, who owned at least two-thirds of the real property therein, representing at least two-thirds of the assessed value of all real property in each area respectively. On February 18, 1964, the city of Roseburg adopted ordinances 1550 and 1551 which initiated the two respective annexation proceedings and called for public hearings on the matter. On March 10, 1964, the public hearings were held and on that date the defendant city enacted ordinances 1553 and 1554 annexing said areas respectively to the city. Transcripts of the annexation proceedings were filed with the Secretary of State on March 11, 1964.

On July 1, 1964, plaintiff brought this suit seeking a declaratory judgment to have declared void the annexation proceedings of the city of Roseburg. The trial court found "that the jurisdiction obtained by the said County Court over said property on February 5, 1964, was exclusive and that the purported annexation of a portion of the real property, over which the County Court had obtained jurisdiction on February 5, 1964, to the City of Roseburg, was and is void

and of no effect," and, based thereon, determined that the purported annexation of the property to the city of Roseburg was, although validly completed by the city, void. From the trial court's decree the defendnat has appealed.

The question presented is whether or not, when proceedings have been commenced to incorporate an area as a new city as provided by statute, proceedings to annex that area or portions thereof adjacent to a then incorporated city may be validly commenced while the attempted incorporation proceedings are pending.

This issue is one of first impression in this state and there seems to be a paucity of direct authority upon the precise question involved. However, in considering the rights of rival bodies to exercise the same authority over the same territory, the courts draw an analogy between the rights of these rival bodies and the rights of separate courts of competent jurisdiction that have each accepted jurisdiction of the same parties and the same subject matter.

■ In those instances where two municipal bodies are lawfully and fully organized, it is clear that both cannot exist for the same purpose and exercise the same authority over the same territory. *State ex rel. v. Co. Court for Washington Co.,* 213 Or 643, 326 P2d 116; *State ex rel. v. Chandler et al.,* 180 Or 28, 175 P2d 448; *Priest v. James et al.,* 125 Or 72, 265 P 1092; *State ex rel. School Dist. No. 8 v. Goff,* 110 Or 349, 218 P 556, 221 P 1057.

■ It is also the rule that where two authorative bodies are granted concurrent powers to establish municipal authority over an area, the authorized body which first institutes proceedings acquires exclusive jurisdiction of the subject area and may proceed to

final conclusion unfettered by subsequent proceedings of another authorized body. 1 McQuillin, Municipal Corporations, 3rd ed, p. 547, § 3.20.

Some of the courts also refer to lack of jurisdiction in the latter municipal organization's attempt. *City of Countryside v. Village of La Grange,* 24 Ill2d 163, 180 NE2d 488; *City of East St. Louis v. Touchette,* 14 Ill2d 243, 150 NE2d 178.

While the courts use the terms "exclusive jurisdiction" or "lack of jurisdiction" in general terms when discussing the conflicting claims of municipal corporations, to determine the question before us it is necessary to understand the specific judicial intent that the use of these words is sought to convey.

■ Jurisdiction as applied to courts "is a term of large and comprehensive import and embraces every kind of judicial action." Black's Law Dictionary, 4th ed, p. 991.

■ A court's jurisdiction encompasses three types of jurisdiction,—(1) jurisdiction of the subject matter, (2) jurisdiction of the parties, and (3) jurisdiction or power to render the particular judgment. *Garner v. Alexander,* 167 Or 670, 120 P2d 238; *City of Phoenix v. Rodgers,* 44 Ariz 40, 34 P2d 385.

■ Courts have no jurisdictional powers over a matter which is neither an action or special proceeding provided by statute unless it involves a wrong for which there is no statutory remedy. *Oil Well Supply Co. v. Superior Court,* 9 Cal App2d 624, 51 P2d 908; *Standard Pipe & Supply Co. v. Superior Court,* 9 Cal App2d 769, 51 P2d 910; *Houston & North Texas M.F. Lines v. Local Union No. 886, etc.,* 24 F Supp 619 (Okla 1938).

It seems clear to us that the courts in adjudicating the conflicting claims of contesting municipalities on

the basis of priority in time are not referring to the lack of jurisdiction of the subject matter, the persons, or the power to render judgment, for these jurisdictional factors are granted by the people of the state to each contestant, and, if each of the proceedings is validly accomplished, the courts would be powerless, in the absence of legislative grant, to set either aside were it not for the fact that a wrong is threatened or has been committed when two municipal bodies exist or propose to exist for the purpose of exercising the same authority over the same territory.

■ While the courts usually state " '[i]t is a clear [and settled] principle of jurisprudence that when there exist two tribunals possessing concurrent and complete jurisdiction of a subject-matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted, and which thus acquires jurisdiction of the subject.' Taylor v. Ft. Wayne [47 Ind 274, 282]," *State ex rel. Johnson v. Clark,* 21 ND 517, 524, 131 NW 715, 718, this does not mean that a court of concurrent jurisdiction does not have general jurisdiction to the same extent as the court first acquiring jurisdiction, but only that as a matter of policy the second court may not interfere with the prior court's action in proceeding to a final conclusion or the rendering of a valid judgment so long as the proceedings are pending in the prior court.

■ The rule of priority between courts of concurrent jurisdiction "is essential to the proper and orderly administration of the law and in order to avoid conflict in the rendition of final decrees. While its observance might be required on the grounds of judicial comity and courtesy it does not rest upon such circumstances exclusively, but is usually enforced to prevent unseemly, expensive and dangerous conflicts of juris-

diction * * *." *Matlock v. Matlock,* 87 Or 307, 312, 170 P 528.

■ Nor does this rule of law for the orderly conduct of the business of the courts require that the same subsequent action filed in another court of concurrent jurisdiction be declared void ab initio, for the parties may by consent permit the latter court to proceed to a full adjudication of their rights. *Plume-Atwood Manuf'g. Co. v. Caldwell,* 136 Ill 163, 26 NE 599.

■ The court having prior jurisdiction is, however, granted the power to protect its prior jurisdiction by enjoining either the parties or the other court from proceeding further with the cause. *Robinson v. Superior Court,* 21 Cal Rptr 475, 203 Cal App2d 263; *Juhlin v. Hutchings,* 90 Kan 618, 135 P 598; *Porter v. Robert Porter & Sons, Inc.,* 68 NM 97, 359 P2d 134; *State ex rel Gelman v. Common Pleas Court of Cuyahoga County,* 172 Ohio St 70, 173 NE2d 343.

■ It therefore appears that in those instances of conflicts of prior jurisdiction between courts of concurrent jurisdiction, the terms "exclusive jurisdiction" or "lack of jurisdiction" refer only to the lawful right to proceed further with a cause or to render a valid judgment.

■ And it is on this basis, as between the conflicting claims of rival municipal bodies for the same authority over the same area, that the first to obtain jurisdiction of the subject matter may have the other enjoined or ousted via quo warranto proceedings while its proceedings are pending. *Colquhoun v. City of Tucson,* 55 Ariz 451, 103 P2d 269; *State v. North Kansas City,* 360 Mo 374, 228 SW2d 762; *City of Goose Creek v. City of Pelly,* (Tex Civ App, 1946) 197 SW2d 152.

■ Since the proceedings of the city of Roseburg were not void ab initio, the sole question remaining is whether or not, after the election which resulted in the failure to incorporate the area as the City of Edenbower, the ordinances incorporating the area into the city of Roseburg, enacted before the election was held, are void or valid.

■ In our opinion, the rule of preference as between rival municipal bodies is a rule of necessity to prevent the abuses that would arise when two governmental powers are attempting to exercise authority over the same territory.

■ Had the proposed incorporators of the City of Edenbower brought a suit for injunction to restrain the city of Roseburg from proceeding, it would have been proper for the trial court to have granted a temporary injunction, to become permanent in the event of valid incorporation, for at this time there existed the threat of an attempt to exercise authority over the same area.

Although the reasons which support the rule of priority as between two tribunals possessing concurrent and complete jurisdiction of the subject matter and the rule of priority between municipal bodies possessing concurrent and complete jurisdiction of the same territory are differently expressed, each has as a basic purpose the prevention of social confusion which cannot be tolerated in organized society.

■ However, since the proposed organizers of the City of Edenbower did not directly attack the city of Roseburg's proceedings by a suit for injunction on the basis of priority at a time when its priority existed, and that priority has now been lost through failure to complete incorporation due to the result of the election, it clearly appears that no wrong is now threat-

ened and that issue is now moot. *Guy v. Dunn,* (Ohio Ct App, 1961) 181 NE2d 716.

 Under these circumstances, we know of no rule of law or matter of public policy that requires a court to declare a prior act of a court, having full jurisdiction of the subject matter, invalid after a court of concurrent jurisdiction, although prior in right, has lost jurisdiction. This same rule applies where two authoritative bodies are granted concurrent powers to establish municipal authority over the same territory.

The judgment of the trial court is reversed with instructions to dismiss plaintiff's complaint.