Argued October 6, 1969, affirmed February 4, 1970

GRIFFIN ET AL, *Appellants, v.* CITY OF
ROSEBURG, *Respondent.*

464 P. 2d 691

*Helen J. Frye,* Eugene, argued the cause for appellants. With her on the briefs were Husband, Johnson & Frye, Eugene.

*Paul E. Geddes,* Roseburg, argued the cause for respondent. On the brief were Geddes, Felker, Walton & Richmond, Roseburg.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

O'CONNELL, J.

Plaintiffs bring this declaratory judgment suit to obtain a decree declaring that the proceedings purporting to annex as a part of the City of Roseburg certain land, including their own, was invalid. Plaintiffs appeal from a decree in favor of defendant.

Plaintiffs are owners of parcels of land within a tract which was declared by a city ordinance adopted in March, 1964 to be annexed to the City of Roseburg. The validity of the annexation is attacked on the ground that the tract proposed to be annexed was not predetermined · and designated at the time plaintiffs and other land owners were asked to sign the annexation consents and therefore the procedure violated the principle announced in *Skourtes v. City of Tigard,* 250 Or 537, 444 P2d 22 (1968).

Defendant's principal defense rests upon the doctrine of *res judicata* arising out of the following facts.

On July 1, 1964, Edyth Landis filed a complaint in the Douglas County Circuit Court against the City of Roseburg, seeking a decree declaring invalid the

---

* Goodwin, J., resigned December 19, 1969.

annexation which is involved in the present suit. Edyth Landis was the owner of land within the annexed area. In the *Landis* case the complaint alleged that a petition had previously been presented to the County Court of Douglas County requesting that a city to be known as "City of Edenbower" be incorporated. Soon thereafter other property owners filed with the defendant City of Roseburg a request for the annexation of an area of land embracing the lands in the proposed City of Edenbower. The proposal to form the "City of Edenbower" was defeated. The procedure for annexation was continued and culminated in an ordinance annexing the area to the city. Thereupon Landis brought a declaratory judgment suit seeking a decree declaring the annexation invalid. The complaint in that case set forth the plaintiff Landis' contention, as follows: "That said plaintiff contends that said annexation proceeding is void and of no effect; that no proceedings to annex any portion of the Edenbower Area could be initiated by the City of Roseburg, or by property owners of the Edenbower Area until after a vote by the legal voters of the Edenbower Area on the question of incorporation. That the City of Roseburg disputes said contention and contends that said annexation is valid and that it could incorporate a portion of the Edenbower Area, notwithstanding the pendency of said incorporation proceedings."

When the *Landis* case came to trial the parties entered into a "Stipulation of Facts" which recited, among other matters, that "Plaintiff and defendant in the above matter hereby Stipulate to the following evidentiary facts * * *:

"9. Annexation proceedings for a portion of the area in question were first instituted by the City of Roseburg, Oregon through the adoption of

ordinances on February 18, 1964. Thereafter all proceedings under said annexation were duly and regularly carried out by the City and ordinances annexing the territories in question were duly and regularly enacted by the City on March 10, 1964.

"The plaintiff admits that all of the annexation proceedings were duly and regularly carried out in accordance with the statutes and laws pertaining to such matters, but to the contrary contends that the City did not have jurisdiction either to institute or complete said annexation proceedings by virtue of the contention that the exclusive jurisdiction over the territory in question resided in the County Court of Douglas County, Oregon, pursuant to the above-mentioned incorporation proceedings."

The *Landis* case was appealed to this court and in *Landis v. City of Roseburg*, 243 Or 44, 411 P2d 282 (1966), we held that the annexation ordinances were valid in spite of the fact that the annexation proceedings were instituted at a time when the incorporation proceedings were in progress in the county court.

In the case now before us the trial court ruled that the decree in the *Landis* case declaring the annexation proceedings valid bars plaintiffs' suit in the present case under the doctrine of *res judicata*.

Plaintiffs concede that the doctrine of *res judicata* precludes them from relitigating any issue actually litigated and determined in *Landis v. City of Roseburg, supra*. They contend, however, that they are not bound by the prior judgment on any issue that was not litigated and that the issue in the present case was not raised and not litigated in *Landis v. City of Roseburg, supra*.

It is evident from the complaint in the *Landis* case that plaintiff's attack on the validity of the annexation of the Edenbower Area was based solely upon the

ground that the City of Roseburg lacked jurisdiction to proceed with the annexation because the Douglas County Court had prior and exclusive jurisdiction over the subject of the action through the filing of incorporation proceedings. The parties did stipulate that the annexation proceedings had been duly carried out in accordance with the annexation statutes. But it is apparent from the record that the question of whether there had been compliance with the statutory provisions for annexation was not put in issue by the parties and was not a basis for the trial court's determination in that case. Therefore, if the theory of collateral estoppel as generally stated is applied in the present case, the former judgment would not operate to bar plaintiffs' action.[1]

It will also be observed that the action brought in *Landis v. City of Roseburg, supra,* was a class action in the sense that Landis' interest was similar to the interests of the other property owners in the annexed area, including plaintiffs in the present case. In the case of class actions the rule is stated to be that the former judgment operates only by way of collateral estoppel in a subsequent action and therefore operates only to preclude the litigation of matters which had been actually litigated in the previous action and does not serve to bar the subsequent litigation of issues which could have been, but were not, litigated in the former action.[2] Thus, again if the principle of *res judicata* as ordinarily stated is applied in the case at bar, plaintiffs would not be barred from bringing their action.

---

[1] To the effect that in a subsequent action parties are not precluded from contesting the existence of stipulated facts in a prior action, see James, Civil Procedure § 11.19, p. 578 (1965).

[2] Restatement, Judgments § 86, comments a and i (1942).

■ But the principles of collateral estoppel and the other principles of *res judicata* are not to be applied in the abstract; they have validity only if their application will carry out the policy which these principles were designed to express. It is necessary, therefore, to examine more closely the nature of the proceedings in the present case and to determine what ends would be served by permitting or denying further litigation on the issue of the validity of the annexation proceedings.

It is important to note that an action brought to declare invalid the annexation of territory to a municipality is markedly different than the ordinary action in which the plaintiff seeks only the vindication of his individual rights. The validity of the annexation is a matter of importance not only to the plaintiff who brings an action questioning it but also to all persons who own property in the annexed territory. Of greater significance is the fact that the city itself may be vitally affected by the judgment in such a case. These factors, touching so directly upon the public interest, have prompted the courts to treat actions attacking the validity of annexations as constituting a special type of proceeding, governed by rules different from those applied in purely private actions. Thus it has been held that the corporate existence of a municipality as originally organized or as reorganized by the extension of its boundaries through annexation proceedings cannot be questioned in an action by private parties and that the question can be raised only in a direct proceeding prosecuted at the instance of the Attorney General or the District Attorney.

A more refined statement of the rule is that once

the municipality exercises dominion over the annexed territory in a de facto capacity, the validity of the annexation cannot be attacked by a party other than the state. Generally, it is said that quo warranto is the proper remedy and that quo warranto can be brought only at the instance of the state.[9]

The extent to which these limitations on the right to contest a municipal annexation are recognized in Oregon is left in doubt by *Portland General Electric Co. v. City of Estacada*, 194 Or 145, 241 P2d 1129 (1952). In that case six separate opinions expressed the fragmented views of the court on the character of the remedy available for attacking the validity of an annexation in this state. It is not necessary for us at this time to attempt to evaluate these respective views or to determine what the case actually holds with respect to the type of action which can be brought by a private party.

■ It is enough to note that in the *Estacada* case and in the other Oregon cases the court has recognized that actions brought to set aside municipal annexations constitute a special class of proceedings. Because such actions involve matters of important public concern, it is necessary to impose strict limitations

---

[9] See Griffin v. City of Canon City, 147 Colo 15, 362 P2d 200 (1961); Phillips v. City of Odessa, 287 SW2d 518 (Tex Civ App 1956); Annotation, 18 ALR2d 1255, 1258 (1951). Although there is no Oregon case directly holding that quo warranto is the exclusive remedy to challenge a de facto annexation, quo warranto has been required in Oregon in other areas of public law: State ex rel Hallgarth v. School Dist. No. 23, 179 Or 441, 172 P2d 655 (1946) (de facto school district); Northern Pac. Ry. Co. v. John Day Irr. Dist., 106 Or 140, 211 P 781 (1923) (de facto irrigation district); Tyree v. Crystal District Improvement Co., 64 Or 251, 253, 126 P 605 (1913) (de facto improvement district); Bennett Trust Co. v. Sengstacken, 58 Or 333, 352, 113 P 863 (1911) (de facto port district).

on the right of individual property owners to question the validity of the annexation procedure.

In the present case defendant city has chosen to rest its defense solely upon the principle of *res judicata*. If the city had defended on the ground that the annexation had assumed a de facto character, it is not unlikely that evidence could have been adduced to support the contention. Plaintiffs' attack came two years after the enactment of the ordinance purporting to annex the area. It would seem likely that during that interval the city had taken steps which would make the annexation de facto in character according to the tests laid down in our previous cases. And there would be the added factor that plaintiffs' action is the second action brought by owners in the annexed area. The policy, which we previously noted, of limiting the right to set aside municipal annexations would apply with even stronger force when the annexation is attacked for the second time.

But, as we have already noted, defendant rested its defense on the ground that the judgment in the *Landis* case constituted a bar to the present action and it is this defense which we must appraise.

■ Recognizing that in class actions generally a former judgment operates only by way of collateral estoppel and does not bar a subsequent action as to issues not actually litigated in the former action, nevertheless we are of the opinion that where the former action is brought to set aside an annexation of territory to a city, the judgment in that action is a bar in subsequent actions not only as to the issues actually litigated but also as to issues which could have been litigated. We hold, therefore, that plaintiffs in the

present case are barred by the judgment entered in *Landis v. City of Roseburg, supra.*

We realize that plaintiffs did not have control of the litigation in *Landis v. City of Roseburg, supra,* and therefore did not have the opportunity to contest the annexation on the ground they now raise. But we think that whatever harm may result to plaintiffs by this limitation on their power to question annexation proceedings, that harm is outweighed by the need for stabilizing city boundaries established under color of law. In Restatement, Judgments § 86, comment b, p. 416 (1942) it is said that "[i]n extreme cases  *  *  * the convenience of the public and of other persons may require that a matter be settled although a person whose interests are affected has not had an opportunity to protect his interests by appearing personally or through personally selected representatives or through persons specially appointed to represent him as trustees or guardians." Annexation contests qualify as "extreme cases" calling for the application of this rule. There is no great danger that owners of property in an annexed area will not have a reasonable opportunity to protect their interest by appearing personally in a proceeding brought by another owner. The procedures for annexation require notice and public hearing. The proposal to annex and the arguments for and against annexation are generally widely publicized. When an action contesting the annexation is brought by one or more of the owners in the annexed territory, it is unlikely that other owners in the area would not be apprised of the action. The opportunity to join in the action would therefore normally be pres-

ent.[④] Even if an owner does not join in the action, his interest is ordinarily protected by force of the desire of the plaintiff in the action to protect his own interest which usually is substantially the same. These and other considerations have prompted most courts to preclude citizens in a municipality from re-litigating questions of public law which were or could have been litigated in a previous action.

Thus in a case involving a second effort to strike down a city ordinance relating to the creation of a municipal court, the Illinois court said: "In such cases the rule applies with particular force that the doctrine of former adjudication is not confined to questions actually decided, but it extends to all grounds of recovery or defense which existed and might have been presented."[⑤] This same broad application of the doctrine of *res judicata* was recognized in a Minnesota case in which a municipal election authorizing a city to issue bonds for certain municipal purposes was challenged for a second time. In explaining in its decision, the court said: "In the nature of things there cannot be successive contests as to the legality of a municipal election. If one voter contests, the contest must be considered as brought in behalf of all interested therein, so that once the election is adjudged valid and legal, no voter or taxpayer in the municipal-

---

[④] See Ashton v. City of Rochester et al, 133 NY 187 at 196, 30 NE 965 (1892), where a resolution of the city council directing a public improvement was attacked successively by property owners, the court said: "The plaintiffs had the statutory notice of all the proceedings under the charter, and the proceedings before the court were of such a public nature that they were so connected with the interests of the plaintiffs that we must assume that they had knowledge of all that transpired."

[⑤] Greenberg v. City of Chicago, 256 Ill 213, 218, 99 NE 1039, 1041 (1912).

ity may again question the result."⑥ Other cases have expressed a similar point of view.⑦

The decree of the trial court is affirmed.

---

⑥ Ahlquist v. Commonwealth Electric Co., 194 Minn 598, 261 NW 452, 454 (1935).

⑦ Thus in People v. Wright, 8 Ill2d 454, 459, 134 NE2d 269, 273 (1956) the court said: "The fiscal policies of the State or its subdivisions are not to be frustrated by a succession of suits by different taxpayers, voters or other citizens after one of such suits has been adjudicated."

See also Jefferson v. Greater Anchorage Area Borough, 451 P2d 730 (Alaska 1969); City of El Reno v. Cleveland-Trinidad Paving Co., 25 Okla 648, 656, 107 P 163 (1910); Annotation: Judgment in favor of defendant or respondent in an action or proceeding involving a matter of public right or interest as a bar to a subsequent action or proceeding by a different plaintiff or relator, 20 ALR 1133 (1922), 64 ALR 1262 (1929).