Argued February 9, affirmed May 7, petition for rehearing
denied June 23, 1970. Petition for review denied
by Supreme Court August 3, 1970

# CITY OF MAYWOOD PARK, *Appellant, v.*
## STATE HIGHWAY COMMISSION,
### *Respondent.*
468 P2d 905

*Leo Levenson*, Portland, argued the cause for appellant. With him on the briefs was Bert E. Joachims, Portland.

*Alan H. Johansen*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and Walter L. Barrie, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

The plaintiff filed a declaratory judgment suit against the commission, seeking a decree which would, in effect, enjoin the defendant from proceeding with the construction of Interstate Highway 205 through that city. The basis of the suit is that the defendant did not give notice to the plaintiff as required by law prior to the closing of certain streets within the city and the acquisition of the necessary rights of way through the city, nor did the city consent to the closing of certain streets. Defendant demurred to the complaint on several grounds. The demurrer was sustained and the action was subsequently dismissed. Plaintiff appeals from that order.

So far as is here relevant, the amended complaint asserts the following:

■ The defendant, pursuant to ORS 374.015, determined to construct an extension of the state's freeway system by establishing I-205. The portion here involved was to be located in Multnomah County running in a general northwesterly to southeasterly direction outside, at that time, of the limits of any

incorporated city. A large proportion of the funds for the project were federal funds.

■ Thereafter in 1964 and 1965 the defendant commission held public hearings for the purpose of determining a route for the extension, as required by 23 USC § 128.

■ On November 19, 1965, the defendant adopted Survey Resolution No. 304 which, among other things, established that the route of I-205 would include its passing through that area of Multnomah County now known as the City of Maywood Park.

■ On June 8, 1967, the defendant and the county commissioners for Multnomah County, pursuant to ORS 374.075, entered into a Supplemental Throughway Agreement subject only to the approval of the engineer for the Bureau of Public Roads, which was in due course obtained. In this Agreement the county, pursuant to ORS 374.065 (2), consented to the closing off by means of barriers and changing grades of certain streets which since its incorporation are now located within the City of Maywood Park.

■ Beginning in December 1966 and continuing through April 1968 the defendant acquired, by purchase, land and rights of way pursuant to a series of resolutions duly and regularly adopted for the construction of I-205.

■ A petition seeking to incorporate Maywood Park was filed May 11, 1967. Pursuant to an election held on August 1, 1967, the City of Maywood Park became a duly incorporated city located in Multnomah County.

■ The City of Maywood Park has not consented, under ORS 374.060 or otherwise, to the closing off or changing of the grade of any streets within its corporate limits; nor has the city received notice under ORS

373:015 of intention by the defendant to acquire rights of way within its limits.

The thrust of the complaint is simply that the plaintiff, upon its becoming an incorporated city August 1, 1967, not only superseded Multnomah County with respect to future compliance with the rights reserved to cities under ORS ch 374 in connection with the construction of I-205, but also with respect to all previous steps concerning it taken prior to its incorporation.

It is clear from the facts alleged that prior to August 1, 1967, any rights here involved concerning streets, grade changes or rights of way acquisition which by ORS ch 373 or ORS ch 374 were reserved to a municipal corporation, were in the exclusive jurisdiction of Multnomah County.

Plaintiff does not seriously dispute this. Rather, it asserts that when it became a municipal corporation it became in effect entitled to a replay of the procedures required of the defendant, including notice and hearing concerning all phases of the establishment of the route of I-205, authority over closing off or grade change of any affected streets within its municipal boundaries and those activities required prior to acquisition by the defendant of rights of way acquired for such a project within its boundaries.

The problem presented basically is one of jurisdiction.

In *Landis v. City of Roseburg*, 243 Or 44, 411 P2d 282 (1966), the court said at 48-49:

> "It is also the rule that where two authoritative bodies are granted concurrent powers to establish municipal authority over an area, the authorized body which first institutes proceedings acquires exclusive jurisdiction of the subject area and may

proceed to final conclusion unfettered by subsequent proceedings of another authorized body. 1 McQuillin, Municipal Corporations, 3rd ed, p. 547, § 3.20."

In *Landis*, the court explained the rationale of the rule:

"* * * [T]he rule of preference as between rival municipal bodies is a rule of necessity to prevent the abuses that would arise when two governmental powers are attempting to exercise authority over the same territory." 243 Or at 52.

From the amended complaint it is clear that the defendant and Multnomah County had authority to enter into the "Supplemental Throughway Agreement" under ORS 374.060 and ORS 374.075. The defendant, following adoption of its Survey Resolution No. 304 on November 19, 1965, was authorized by ORS ch 374 to go forward subject to its provisions with the construction of I-205.

Plaintiff contends that because its proposed incorporators filed their petition to incorporate on May 11, 1967, and thus prior to the Supplemental Throughway Agreement of June 6, 1967, between the defendant and Multnomah County, the county was thereby deprived of jurisdiction to act over that portion of I-205 within the boundaries of the proposed city.

In *Landis v. City of Roseburg*, supra, the court stated:

"Had the proposed incorporators of the City of Edenbower brought a suit for injunction to restrain the city of Roseburg from proceeding, it would have been proper for the trial court to have granted a temporary injunction, to become permanent in the event of valid incorporation, for at this time there existed the threat of an attempt to exercise authority over the same area." 243 Or at 52.

Here jurisdiction to construct the throughway along the route designated therein was acquired by the defendant in November 1965.

Prior to the establishment of Maywood Park as a duly incorporated city on August 1, 1967 (ORS 221.050(2)), the defendant was required by ORS 374.060 to deal with the board of county commissioners of Multnomah County. Only that body could have authorized the closing of county roads and the changes of grade here challenged before August 1, 1967.

Our attention has been directed to nothing in the statutes which suggests that the legislature intended that the mere filing of a petition to incorporate a city would by itself bring to a halt the authority of the defendant to carry out the duties otherwise enjoined upon it by the Throughway Act. Were the law otherwise, construction could be held up indefinitely merely by the filing of a series of petitions to incorporate varying county areas along the proposed route— a perfect example of the "social confusion which cannot be tolerated in an organized society" referred to in *Landis v. City of Roseburg*, supra.

Appellant calls our attention to *Fairlawn v. Preston*, 2 Ohio St 2d 165, 31 Ohio Op 2d 319, 207 NE 2d 656 (1965). That case arose under statutes which expressly prescribed two separate stages—one of establishment, the other of construction—of a state highway. Specific procedures, including a requirement of separate public hearings before each stage, were required. The case holds that if between the time of the completion of the establishment stage procedures and the beginning of the construction stage an area is incorporated, then the statutorily required notice of public

hearing shall be given to the governing board of the newly incorporated community and the hearing held as required therein. We do not understand that case as holding that the incorporation of a city, after the first stage required procedures have been complied with and before the statutorily required second stage procedures have been, voids either statutorily required procedures validly completed prior to the incorporation or nullifies the power to complete the work for which authority was already validly acquired.

The amended complaint, in our view, therefore, fails to state a cause of suit against the defendant.

The judgment is affirmed.